### L. L. THOMAS ET AL. v. FIRST NATIONAL BANK OF HICO.

#### Decided March 30, 1910.

**1.—Vendor's Lien—Assignment—Release by Vendor—Innocent Purchaser.**

A release of a vendor's lien by the vendor will protect a subsequent purchaser of the land from the lien for one of the purchase money notes which had, before the release, been assigned to a third party, the purchaser having no notice of such assignment and the assignee having failed to protect his lien by taking a written assignment and placing it on record.

**2.—Same—Release by Survivor of Community—Inventory.**

The surviving wife who had given the bond with return of inventory and appraisement qualifying her to manage the community estate, had the power to release the vendor's lien securing a purchase money note payable to her deceased husband as fully as he in his lifetime; this power extended to all community property, whether embraced in the inventory or not; and her failure to include in the inventory a note which had been assigned to a third party by the deceased husband, but which she embraced in her release of notes and lien, did not tax a subsequent purchaser of the land with notice of the rights of such assignee in the note and lien. Such purchaser was bound to see that she had made bond and inventory authorizing her to act, but was not charged with knowledge of the details of the inventory. The assignee could have protected his lien by written assignment placed of record; failing to do so his equity was inferior to that of the innocent purchaser of the land.

Appeal from the District Court of Hamilton County. Tried below before Hon. J. H. Arnold.

*Eidson & Eidson,* for appellant.—Mrs. Thomas having qualified as survivor in the community estate of herself and deceased husband, could, in consideration of the conveyance to her of the land conveyed by Z. Thomas to L. L. Thomas, cancel and release the notes executed by said L. L. Thomas, and she having done this, and defendant having no notice that she did not own all the notes, and especially the note involved in this suit, was an innocent purchaser of said land. There being no written assignment or transfer of said note from Z. Thomas to the plaintiff of record, defendant would be and is an innocent purchaser, unless he had actual knowledge that plaintiff owned

or held it, or knew some fact which would put him upon inquiry and which would lead him to the knowledge that the plaintiff held this note, and that Mrs. Thomas, at the time she did so, had no right to release the same. A transfer or an assignment of a vendor's lien note is an instrument of and concerning land, and in order to make it effective against subsequent purchasers for a valuable consideration, without actual notice, must be recorded. Sayles' Civ. Stats., art. 4640; Henderson v. Pilgrim, 22 Texas, 464; Barnes v. Jamison, 24 Texas, 362; Moran v. Wheeler, 87 Texas, 179; Rogers v. Houston, 94 Texas, 403; Sayles' Civ. Stats., arts. 2227, 2236.

*Langford & Chesley,* for appellee.—On the death of Z. Thomas the superior title in the land descended to his heirs charged with the trust of securing the five notes held by the community estate and the one held by the bank. Mrs. Thomas, qualifying as survivor, could manage, control, and even part with that part of the estate which was community, i. e., the five notes and the security therefor, but she could not abandon the trust as to the security for the note held by the bank, as she had not inventoried his note, and did not claim such as any part of the community estate, nor was the security any part of the community estate, and persons who dealt with her were bound to know that she could only sell and convey such property as belonged to the community estate as exhibited in her inventory. Atteberry v. Burnett, 102 Texas, 118; Terhune v. First Nat'l Bank of Ladonia, Texas, 24 Texas Civ. App., 242; Equitable Mort. Co. v. Kempner, 84 Texas, 103.

A bona fide purchaser of land is not protected against the consequence of his grantor's want of capacity to convey. Daniel v. Mason, 90 Texas, 244.

KEY, Chief Justice.—The First National Bank of Hico brought this suit against L. L. Thomas and C. Viertel, and sought a personal judgment against Thomas on a promissory note, and a judgment against both defendants foreclosing a vendor's lien upon a tract of land. Thomas filed no answer, and judgment by default was rendered against him. The defendant Viertel answered by general denial and a special plea, averring that he was an innocent purchaser for value and without notice.

The case was tried without a jury and judgment rendered for the plaintiff against the defendant Viertel, foreclosing the vendor's lien on the land, and Viertel has appealed.

The assignments of error and propositions thereunder present the question as to whether, upon undisputed facts as found by the court, appellant was an innocent purchaser. In substance, the facts are as follows: January 3, 1905, Z. Thomas and his wife executed a deed purporting to convey the land in controversy to L. L. Thomas, in consideration of six promissory notes, one for $173 and the other five for $400 each, due, respectively, on or before January 1, 1906, 1907, 1908, 1909, 1910 and 1911, which deed was filed for record November 27, 1905. The deed described the notes and expressly retained a vendor's lien to secure their payment. Thereafter Z. Thomas endorsed the

third note in blank and delivered it to the plaintiff bank as collateral security for a pre-existing debt.     Thereafter, and before October 20, 1905, Z. Thomas died, and on the day last named M. A. Thomas, his surviving wife, filed the necessary bond and inventory and qualified under the statute, so as to confer upon her authority to manage, control and dispose of the community property of herself and her deceased husband.     On November 25, 1905, L. L. Thomas, joined by his wife, executed a deed conveying the land to Mrs. M. A. Thomas, administratrix of the estate of Z. Thomas, deceased, which deed was filed for record November 27, 1905.     The consideration expressed in that deed was "$2,173 paid by the cancellation and delivery to said L. L. Thomas of his certain promissory notes given in payment for said land, and being the notes fully described in deed from Z. Thomas and wife to L. L. Thomas, dated January 4th, 1905, said notes being the consideration for the 269 acres of land described in said deed." That deed contains the stipulation, "and which notes are here and now duly canceled and released."     October 24, 1906, Mrs. M. A. Thomas, acting as community survivor of the estate of Z. Thomas, executed a warranty deed, conveying the land in controversy to appellant Viertel, which deed was filed for record November 1, 1906.     The consideration for that deed was $1,000 cash, and Viertel's assumption of the payment of a mortgage on the land, amounting to $3,880, and the assumption of certain other debts.     It was shown by undisputed testimony that Viertel had no actual knowledge that the bank or any one else held either of the notes against the land until after he had bought it and paid for it.     The transfer of the note from Z. Thomas to the bank was never recorded.     When Mrs. Thomas qualified as surviving wife, she filed an inventory, appraisement and list of claims, which, in reference to the matters here involved, reads as follows:

"Five promissory notes, executed by L. L. Thomas and payable to Z. Thomas as follows:

No. 1, $173, Due on or before January 1st, 1906, $173.
No. 2, $400,    "    "    "    "    1st, 1907, $400.
No. 4, $400,    "    "    "    "    1st, 1909, $400.
No. 5, $400,    "    "    "    "    1st, 1910, $400.
No. 6, $400,    "    "    "    "    1st, 1911, $400."

In the case of Moran v. Wheeler, 87 Texas, 179, our Supreme Court held that a mortgagee, without notice, acquires a lien superior to the vendor's lien recited in a deed where the vendor has executed a release of the lien and such release is recorded, although the vendor's lien note had been assigned to a bona fide holder before the execution of the release, which assignment was not recorded; and, in the course of the opinion, the court said:

"It is the policy of the law to require that all matters affecting the title to lands should be placed upon the public records, so that one who seeks to purchase it may safely judge of the validity of the title. When a purchaser who seeks to buy land has examined the records of titles, and finds nothing to indicate that there is an adverse claim, and he is not in possession of any facts that would put him upon in-

quiry as to any matter not of record, he has the right to presume that any person claiming an adverse right would have placed the same upon record, and that there is none. But in this instance the case is stronger for the land and mortgage bank, for it appeared that the person in whom the adverse claim had existed had released it, and there was nothing to notify him that any other person had become entitled to the lien.

"It was within the power of the plaintiff to have taken a written assignment of the vendor's lien, and to have placed it upon record as the law required, and thus to have secured himself against the acts of the original owner of the lien. The land and mortgage company had no such opportunity for guarding against the wrong; and it must be held that he who neglects the performance of a duty enjoined, or the exercise of a privilege granted for his security, must suffer the loss, rather than one who was not in a position to secure that protection."

In the case at bar the lien created by the execution of the note sued on was not released by the vendor, Z. Thomas, in person, but after his death that note, and all the entire series of notes executed by L. L. Thomas, was canceled, and the lien to secure the same thereby released by his surviving wife, who had qualified under the statute, and had as much authority to cancel the note and release the lien as Z. Thomas had prior to his death. (Huppman v. Schmidt, 65 Texas, 583; Pressler v. Wilke, 84 Texas, 347.) If Z. Thomas had released the lien, and after such release had been recorded L. L. Thomas had sold the land to a purchaser for value and without notice of the rights of the bank, such purchaser would have been protected as against the lien asserted by the bank. And, upon the same principle, and for the same reason, it must be held that appellant is protected as an innocent purchaser, unless it be, as held by the trial court, that the failure to include in the inventory and list of claims returned and filed by Mrs. Thomas the note then held by the bank and now sought to be enforced against the land, constituted notice to appellant. The trial court held that, as appellant claimed title through the probate proceeding by which Mrs. Thomas was qualified to control the estate, he was charged with notice of the fact that she did not inventory the note referred to, and therefore did not claim it as belonging to the estate, and that the admission referred to was at least sufficient to put him upon inquiry, which would have resulted in his ascertainment of the rights of the bank.

Article 2224 of the Revised Statutes makes it the duty of the surviving husband or wife, seeking to qualify under the statute, with the assistance of the appraisers appointed by the court, to make out a full, fair and complete inventory and appraisement of the community estate, and to attach thereto a list of community debts due the estate. Art. 2225 relates to the bond which should be given. Article 2226 prescribed what shall be done by the County Judge in reference to the inventory, appraisement, list of claims and bond, and prescribed that his order approving the same shall also authorize such survivor to control, manage and dispose of such community property in accordance with the provisions of this chapter. Article 2227 declares that when the order mentioned in the preceding article has been en-

tered, such survivor, without any further action in the County Court, shall have the right to control, manage and dispose of such community property, real or personal, in such manner as may seem best for the interest of the estate.

As we construe the statute, when the county judge has made the order authorizing the survivor to control, manage and dispose of the community property, the power and authority of the latter is not limited to the property mentioned in the inventory and list of claims, but includes all property belonging to the community estate and all claims owing to the estate. If that be a correct construction of the statute, then, after the Probate Court had made the order referred to, Mrs. Thomas had as much power and authority to cancel the note held by the bank and release the lien by which it was secured as her husband had prior to his death.

So much as to the question of power, but the argument in support of the judgment goes further and embraces the contention that, although Mrs. Thomas may have had as much power in that regard as her husband had during his lifetime, that her failure to include the note here involved in the inventory and list of claims returned by her constitutes a sort of disclaimer of title, and is such a fact as should have put appellant upon inquiry. We are unable to concur in the contention that the omission referred to should be given such effect. If it be conceded that it was necessary for an inventory and list of claims to be filed before the county judge had jurisdiction to make the order authorizing Mrs. Thomas to manage, control and dispose of the estate, the exercise of that jurisdiction was not dependent upon the accuracy and correctness of the inventory and list of claims. Therefore all the search which the law required appellant to make in order to ascertain the extent of Mrs. Thomas' power was: Did she file an inventory and list of claims, and did the trial court approve the same and make an order authorizing her to manage, control and dispose of the community property of herself and her deceased husband? He was not required to critically examine the inventory and list of claims and ascertain what particular items were contained therein or omitted therefrom; and, for that reason, he was not charged with knowledge of the omission referred to. Furthermore, if the search referred to had been made, and appellant had ascertained that the note in question was not included in the inventory and list of claims, where would he have gone for an explanation that would have led to a disclosure of the rights of the bank? Does it necessarily follow that application to Mrs. Thomas or L. L. Thomas would have revealed the true situation? That they could have disclosed the rights of the bank is probably true, but that they would have done so is by no means certain; because the record indicates that, by L. L. Thomas deeding the land back to Mrs. Thomas as the representative of the community estate, and her acceptance of that deed containing the stipulation that it was executed for the purpose of discharging the note here involved, as well as all the other notes executed by L. L. Thomas, and that all of the notes were, by the acceptance of the deed, canceled and released, that it was the purpose of Mrs. Thomas and L. L. Thomas to put the title in a marketable shape, so that Mrs. Thomas could sell the land without

any objection being raised to the title. And, if such was their purpose, is it probable that they would have thwarted that purpose by telling appellant that one of the original purchase-money notes had not, in fact, been canceled and released, as represented in the deed from L. L. Thomas to Mrs. Thomas, but was then held by the bank? Is it not more reasonable to suppose that, in furtherance of their purpose to sell the land, they would have answered an inquiry concerning the omission of the note from the inventory with the statement that the note was not found when the inventory was made, and was therefore inadvertently omitted? Of course, it is possible that inquiry would have resulted in ascertaining the true facts and disclosing the rights of the bank, but it is by no means certain that such result would have followed.

Therefore the doctrine announced by Mr. Justice Brown in Moran v. Wheeler, supra, has application, and requires the case to be decided in appellant's favor. The application is this: The policy of the law requires that all matters affecting the title to land should be placed upon the public records, so that one who seeks to purchase it may safely judge of the validity of the title. It was within the power of the bank to have taken a written assignment of the vendor's lien and placed it upon record, and thereby have created certain and conclusive notice of its rights, and its failure to do so was negligence. The course referred to could have been easily pursued, and the question of subsequent innocent purchasers set at rest. No such protection was open to appellant, and therefore it can not be said that he has neglected to perform any duty which the law placed upon him. Therefore, as the proof fails to show that he had notice of the bank's claim, appellant's equity is superior to the rights of the bank, and the trial court erred in not so holding. As against the defendant L. L. Thomas the judgment is affirmed, but as against appellant C. Viertel it is reversed and here rendered for him.

*Affirmed in part and in part reversed and rendered.*