## ACKERS v. FRAZIER. (No. 6362.)

(Court of Civil Appeals of Texas. San Antonio. March 10, 1920. Rehearing Denied April 21, 1920.)

**1. Vendor and purchaser ⊖⇒242—Burden to show no notice of vendor's lien deed on junior grantee.**

Where all rights in land acquired by defendant were through a junior conveyance, in order for him successfully to defend against prior unregistered deed, which retained vendor's lien, burden rested on him to show he had no notice of prior conveyance.

**2. Vendor and purchaser ⊖⇒235 — Only bona fide purchaser for value entitled to priority.**

To entitle subsequent vendee to have prior unregistered conveyance postponed to his subsequent conveyance, it must appear that he purchased in good faith without notice, actual or constructive, of prior vendee, purchase money being actually paid, recital in deed not being sufficient.

**3. Vendor and purchaser ⊖⇒242 — Burden to prove notice of unregistered title on senior purchaser with equitable title.**

Burden to show notice to junior purchaser of land of senior purchaser's unregistered title is on senior where he has only equitable title while the junior has legal title.

**4. Bills and notes ⊖⇒357—Transfer as collateral makes indorsee bona fide holder for value.**

When bill or note of third party payable to order is indorsed as collateral security for debt contracted at time of indorsement or before, indorsee is bona fide holder for value in usual course of business, entitled to protection against equities, offsets, and other defenses available between antecedent parties, if the bill or note when transferred as collateral is not overdue.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by A. M. Frazier against L. T. Ackers and others. From judgment for plaintiff, defendant Ackers appeals. Affirmed.

Collins, Morrow & Morrow, of Hillsboro, for appellant.

Wear & Frazier and J. J. Averitte, all of Hillsboro, for appellee.

FLY, C. J. This suit was instituted by appellee against H. M. Taylor, G. W. Brashears, C. P. Llewellyn, L. T. Ackers, J. S. Richards, Frank Meeks, and S. A. Meeks on a promissory note for $280 and two promissory notes for $1,501.86 each, the last two notes being executed by H. M. Taylor as part of the purchase money of a certain tract of 640 acres of land in Irion county, and being secured by a vendor's lien on said land. Appellee claimed to be an innocent purchaser of the two notes before maturity and for value. The

cause was tried before the court without a jury, and judgment was rendered that appellee recover only on one of the notes for $1,-501.86, as against appellant, H. M. Taylor, G. W. Brashears, C. P. Llewellyn, and Frank Meeks. The cause was dismissed as to J. S. Richards and S. A. Meeks. The vendor's lien was foreclosed in favor of appellee on the 640 acres of land. This appeal is perfected by L. T. Ackers alone.

The findings of fact are adopted by this court, except as explained and modified herein:

"The court finds:

"I. That more than four years have elapsed since the maturity of the $280 note described in plaintiff's petition, and the same is barred by the statute of limitation.

"II. On June 1, 1909, C. P. Llewellyn by his certain deed in writing conveyed to H. M. Taylor the following tract of land, to wit: 'Situated in the county of Irion, state of Texas, being survey No. 22, certificate No. 3/417 of the G., C. & S. F. R. R. survey in said county, containing 640 acres of land.'

"III. As a part of the consideration of said land the said H. M. Taylor executed his three certain promissory notes of date June 1, 1909, for $1,501.86⅔ each, due on or before June 1, 1910, 1911, and 1912, respectively, and said notes were secured by a vendor's lien upon the land hereinbefore described.

"IV. That the said deed by the said C. P. Lewellen conveying the said land to the said H. M. Taylor was filed for record in Irion county, Tex., the county in which said land is situated, on the 10th day of August, 1909.

"V. Lamm & Co., of Chicago, Ill., for a valuable consideration and before maturity, and without actual notice of any adverse claim to the land, became the purchaser and owner of the two notes for $1,501.86⅔ each, maturing on January 1, 1911, and 1912, respectively.

"VI. The plaintiff, A. M. Frazier, for a valuable consideration, became the purchaser from Lamm & Co., and is the owner of the said two notes for $1,501.86⅔ each, due on or before June 1, 1911, and 1912, respectively, and said two notes have not been paid and constitute a valid and subsisting indebtedness and are secured by a vendor's lien on the land hereinabove described.

"VII. One of the notes for $1,501.86⅔, maturing on June 1, 1910, has been paid.

"VIII. On July 26, 1909, C. P. Llewellyn executed his certain promissory note for the sum of $1,000, due on January 1, 1910, with interest thereon from the date at the rate of 8 per cent. per annum, and providing for 10 per cent. attorney's fees, payable to the order of S. A. Meeks, and on July 26, 1909, the said C. P. Llewellyn made, executed, and delivered to Frank Meeks, trustee for the benefit of S. A. Meeks, and to secure the payment of said promissory note of $1,000 due and payable to the order of S. A. Meeks as aforesaid, a deed of trust conveying the tract of land hereinabove described and which had theretofore been conveyed by said C. P. Llewellyn to H. M. Taylor, that the defendant L. T. Ackers purchased

said $1,000 so secured as aforesaid from the said S. A. Meeks after maturity and after the deed from C. P. Llewellyn to H. M. Taylor was placed of record.

"IX. The deed from C. P. Llewellyn to H. M. Taylor, and under and through which the plaintiff claims, conveyed the legal title to the land in H. M. Taylor, and there was no proof offered of any kind or character tending to show that at the time the note for $1,000 payable to the order of S. A. Meeks as aforesaid, which was purchased by the defendant L. T. Ackers, was executed by C. P. Llewellyn to S. A. Meeks, and at the time the deed of trust was executed purporting to secure the payment of said note, the said S. A. Meeks or the said Frank Meeks did not know that the said C. P. Llewellyn had theretofore already conveyed the legal title to the said H. M. Taylor."

The first assignment of error assails the finding of facts contained in the fifth paragraph, as to Lamm & Co. having purchased the notes before maturity. The evidence may not sustain the finding as to both notes, but it is clear and beyond any cavil as to one of the notes for $1,501.86, and judgment was rendered in favor of appellee on only one of the notes. So the mistake in the finding becomes immaterial. The witness Meador, whose testimony was uncontroverted, swore:

"I had the notes mentioned in my possession at one time. One of them was turned over to me about February 10, 1911, and was dated June 1, 1909, due June 1, 1912, payable to the order of C. P. Llewellyn for the sum of $1,501.86. * * * Both of these notes were indorsed by C. P. Llewellyn. The first-mentioned note was turned over to me as the representative of Lamm & Co., of Chicago, who had a debt against C. P. Llewellyn, and Llewellyn gave his personal note in the sum of $600 to Lamm & Co., dated about Feb. 10, 1911, and attached said $1,501.86 note as collateral; that is, he attached as collateral the first note that I held for $1.501.86."

The witness testified that the other note was obtained by him on or about June 1, 1912. That note was past due by about a year. It is clear that there was a mistake in the findings as to both notes having been obtained by Lamm & Co. before maturity, and it is clear that the recovery in favor of appellee should have been on the note due in 1912, and not the one due in 1911, as found by the court. That is, however, immaterial, as before stated, as appellee bought both notes and obtained judgment only on one.

Appellant obtained a note for $1,000 against C. P. Llewellyn, which had been given by him on July 26, 1909, to S. A. Meeks, and a deed of trust was given on the same land sold by Llewellyn to Taylor, with Frank Meeks as trustee. That deed of trust was not shown to have been recorded, except through a recital in a judgment foreclosing the deed of trust lien, which does not give the date of the record. Appellant bought the notes, if at all, after maturity, and his testimony as to the consideration paid by him was:

"I claim to have bought a note against Llewellyn for $1,000, which note I afterwards sued on in Ft. Worth and got the judgment which has been introduced in evidence. I bought that note from S. A. Meeks on February 12, 1910, by trading him some property for it."

That was all the consideration attempted to be shown by appellant. What the property was or its value is not disclosed by any evidence. The deed made by Llewellyn to Taylor was recorded on August 9, 1909, about two weeks after the note was executed by Llewellyn to S. A. Meeks. Appellant had the land sold under his judgment, bought it for $100, and afterwards Llewellyn paid off the balance of the judgment, but appellant retained the land. Fraud is not charged, but the transaction between Llewellyn and Meeks and appellant in connection with the land is almost incredible on any other hypothesis than that of fraud. There are at least no equities to be dispensed to appellant.

[1, 2] Appellant failed to show that he did not have actual notice of the deed from Llewellyn to Taylor when he obtained possession of the note and deed of trust, and that Meeks did not know of the existence of the deed when he took the note and mortgage. What Meeks knew when he took the note and mortgage is a profound secret. The evidence clearly shows that all the rights in the land acquired by appellant were through a junior conveyance, and in order for him to successfully defend against the deed which retained the vendor's lien on the land the burden rested on him to show that he had no notice of the prior conveyance. This has been clearly established by all the decisions on the subject in Texas. The rule is thus stated in the case of Watkins v. Edwards, 23 Tex. 443:

"To entitle a subsequent vendee to have a prior unregistered conveyance postponed to his subsequent conveyance, it must appear: (1) That he was a purchaser bona fide; (2) that he purchased without notice, actual or constructive, of the title of the prior vendee. It must appear that the purchase money was bona fide and truly paid; a recital of that fact in the deed is not sufficient."

That rule has never been changed or varied, not even in Kimball v. Houston Oil Co., 100 Tex. 336, 99 S. W. 852, which overruled, on another trial, not only this court, but cases by the "old Supreme Court" of Texas and the Supreme Court of the United States, which were collated by this court in Kimball v. Houston Oil Co., 94 S. W. 423. The burden of showing that the subsequent vendee had no notice, actual or constructive, is placed on the vendee in all instances coming to our knowledge, except in the instance hereinafter noted. Beaty v. Whitaker, 23 Tex. 526; Mitchell v. Puckett, 23 Tex. 573; Martin v. Parker, 26 Tex. 253; Thompson v. Westbrook, 56 Tex. 265; Lindsay v. Freeman, 83 Tex. 259, 18 S. W. 727; Baldwin v. Root, 90 Tex. 546, 40 S. W. 3; Turner v. Cochran, 94 Tex. 480, 61 S.

W. 923; Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54.

In the cited case of Turner v. Cochran, 94 Tex. 480, 61 S. W. 923, it was held that upon those claiming under a junior mortgage, as against an unrecorded deed, the burden rested to show the facts which would give the mortgage precedence over the prior deed. No effort was made in this case to show that appellant did not have notice of the deed, except to show that it was not recorded at the time the mortgage was taken. Appellant may have had actual notice of the existence of the deed, and it devolved upon him to show that he did not have such notice.

[3] In the statute of 1840, which is embodied in article 6824, Revised Statutes, it is provided that—

"All bargains, sales and other conveyances whatever, of any land, tenements and hereditaments, whether they may be made for passing any estate of freehold of inheritance or for a term of years, * * * shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law."

It would in a majority of cases be utterly impossible for the senior purchaser to show actual notice to the junior purchaser of the land, and it would seem equitable and just to place the burden of proving want of actual notice on the party claiming that he had no such notice. This case in some particulars is similar to that of Morton v. Lowell, 56 Tex. 643, wherein it is held:

"The deed from Gilroy to Payne and Williams was not strictly a superior outstanding title as that phrase is usually understood, but a junior title in them, alleged to be superior for want of notice, actual or constructive, of the prior trust deed under which Lowell claims title. To defeat this trust deed, Payne and Williams must not only have been bona fide purchasers without notice, but for a valuable consideration paid before such notice; and the burden of proof devolved upon Morton to show these facts."

Morton was claiming under the Gilroy deed to Payne and Williams, the junior title. The facts of this case do not bring it within the exception to the rule that, when the senior purchaser has only the equitable title and the junior the legal title, the burden of showing notice is on the holder of the equitable title. Peterson v. McCauley, 25 S. W. 826; Halbert v. De Bode, 15 Tex. Civ. App. 615, 40 S. W. 1018.

[4] The holder of a note indorsed to him as collateral security will occupy the position of an innocent purchaser under facts as shown in this case. When the bill or note of a third party, payable to order, is indorsed as collateral security for a debt contracted at the time of such indorsement or before, the indorsee is a bona fide holder for value in the usual course of business, and is entitled to protection against equities and offsets and other defenses available between antecedent parties, provided, of course, that the bill or note transferred as collateral security is itself at the time not overdue. Daniel on Neg. Instr. §§ 824 and 834; Heffron v. Cunningham, 76 Tex. 312, 13 S. W. 259; Brown v. Thompson, 79 Tex. 58, 15 S. W. 168.

All of the assignments of error are without merit, and the judgment is affirmed.