## PUSTEJOVSKY et al. v. K. J. Z. T. LODGE et al. *
### No. 10026.

Court of Civil Appeals of Texas. Galveston.
Nov. 30, 1934.

Rehearing Denied Dec. 20, 1934.

Marcus Schwartz, of Hallettsville, for appellants.

C. L. Stavinoha, of Hallettsville, for appellees.

LANE, Justice.

This suit was brought by "Cesko Rimsko Katolicka Podporujice Jednota Zen Texaskych," known as the K. J. Z. T. Lodge of Texas, a private corporation under the laws of Texas; the suit being brought by Mrs. Josefina Habarta, president of said lodge. The suit is against F. E. Ermis, Albert Pustejovsky, and Willie Miculka as defendants.

All parties to the suit entered into and submitted to the court without a jury the following agreement as to pleading and facts upon which judgment might be rendered:

"The Cesko Rimsko Katolicka Podporujice Jednota Zen Texaskych known as the K. J. Z. T. Lodge of Texas, as plaintiff, filed its original petition in this cause on February 18, 1933, seeking to recover against F. E. Ermis on six promissory vendor's lien notes dated November 8, 1920, numbered 9, 10, 11, 12, 13 and 14, of a series of 16 notes executed by F. E. Ermis in favor of Vaclav Grossman, known as Jim Grossman, same being given in part payment for 93⅗ acres of land off the W. H.

Bunnell Survey in Lavaca County, Texas. Note No. 9 bears a credit of $600.00, leaving $300.00 due on principal of said note, note No. 10 is in the sum of $900.00 and notes Nos. 11, 12, 13 and 14 each in the sum of $1000.00, and all said notes maturing on November 1, 1929, 1930, 1931, 1932, 1933, 1934, and seeking a foreclosure of the vendor's lien given to secure the payment of said six months. Plaintiff alleged that the first eight notes had been paid and released by release dated June 5, 1925, and that Notes Nos. 15 and 16 were owned and held by Albert Pustejovsky and Willie Miculka, and they were made parties to the suit. Plaintiff also alleged that notes Nos. 9, 10, 11, 12, 13 and 14 were transferred and assigned to plaintiff by Vaclav Grossman on June 5, 1925, and were at the time of the filing of the petition owned and held by plaintiff. Plaintiff also claims that the lien securing said six notes is a first and superior lien against said tract of land by virtue of the transfer executed to it by said Grossman, and that notes Nos. 15 and 16 held and owned by the defendants, Albert Pustejovsky and Willie Miculka, are inferior and secondary to plaintiff's lien. Plaintiff also claims in its first supplemental petition that it had no notice, actual or constructive, of the transfer of notes Nos. 15 and 16 to Anton Miculka, the father of Willie Miculka, and father-in-law of Albert Pustejovsky, at the time it purchased the said six notes.

"Defendant F. E. Ermis answered by general denial. Defendant Willie Miculka and the defendant Albert Pustejovsky, who is joined by his wife, Cecilia Miculka Pustejovsky, who made herself a party defendant hereto and who was the owner of note No. 15, for the principal sum of $1000.00, alleged the sale of the land by Vaclav Grossman to F. E. Ermis and the execution of the 16 notes above mentioned as a part of the consideration for said conveyance. That long prior to December 28, 1924, the said Vaclav Grossman, payee in said notes, transferred and assigned notes Nos. 15 and 16 for the principal sum of $1000.-00 each, to Anton Miculka, together with the vendor's lien on the property securing said notes, and especially guaranteed the payment of said notes to Anton Miculka, father of the defendants Willie Miculka and Cecilia Miculka Pustejovsky; that said transfer was written on the back of said notes; that said Anton Miculka died on December 28, 1924, intestate, and said notes were in his possession and were owned by him at the time of his death; that said Cecilia Miculka Pustejovsky is now the legal owner and holder of note No. 15, and that Willie Miculka is now

the owner and holder of note No. 16; that default having been made in the payment of the interest on said notes, that these defendants declared said notes due; that by reason of the transfer of said notes by said Grossman to Anton Miculka guaranteeing the payment of the same, said notes became a first and prior lien upon the said tract of land and were a prior and superior lien to that of the plaintiff. These defendants prayed for judgment for their debt and for the foreclosure of their vendor's lien as a first and prior lien, or in the event the court should find from the law and the evidence that their lien was not a prior lien to that of plaintiff, that their said lien be established as a lien on a parity and of equal standing with the lien of plaintiff. These defendants further answered by supplemental answer denying that plaintiff was a bona fide purchaser in good faith and without notice of the transfer of notes Nos. 15 and 16 by Vaclav Grossman to Anton Miculka, and that knowing these notes were outstanding, they were put upon inquiry as to the ownership of same.

"The deed from Vaclav Grossman to F. E. Ermis was dated November 8, 1920, was filed for record November 9, 1920, and was recorded on November 9, 1920, in the Deed Records of Lavaca County, Texas, in Volume 36 on page 572. This deed conveys to F. E. Ermis a 93⅗ acres of land off the W. H. Bunnell Survey and recites as part of the consideration the execution by F. E. Ermis to Vaclav Grossman of sixteen certain promissory vendor's lien notes in amounts as follows: Notes Nos. 1, 2, 3 and 4 for $700.00 each; notes Nos. 5, 6 and 7 for $800.00 each; notes Nos. 8, 9 and 10 for $900.00 each; notes Nos. 11, 12, 13, 14, 15 and 16 for $1000.00 each; being dated November 1, 1920, and due on November 1, 1921, 1922, 1923, 1924, 1925, 1926, 1927, 1928, 1929, 1930, 1931, 1932, 1933, 1934, 1935 and 1936, and bearing interest at the rate of six (6%) per cent per annum from November 1, 1920; that notes Nos. 9, 10, 11, 12, 13, and 14 owned by plaintiff, and notes Nos. 15 and 16 owned by defendants, Cecilia Miculka Pustejovsky and Willie Miculka, are a part of the notes described in said deed; that said deed nowhere recites that any of said notes shall have priority over the other notes, but same shows that all said notes are on a parity and equal standing; that said deed retains a vendor's lien to secure the payment of said notes, and is made a part hereof.

"The transfer and assignment from Vaclav Grossman to plaintiff, transferring to plaintiff notes Nos. 9, 10, 11, 12, 13 and 14, is dated June 5, 1925, was filed for record July 3, 1925,·

and was recorded July 3, 1925, in Volume 97 on page 328 of the Deed Records of Lavaca County, Texas. The said transfer recites the said six notes are 'a first and superior vendor's lien on the land hereinafter described, said six notes being as follows: of a series of sixteen notes the first eight having been paid in full, and the vendor's lien notes hereby transferred being as follows: Note No. 9 for the principal sum of $900.00 with a credit of $600.00 with the balance due on principal of $300.00; note No. 10 for the principal sum of $900.00; and notes Nos. 11, 12, 13 and 14 for the principal sum of $1000.00 each, due and payable to the order of Vaclav Grossman on November 1, 1929, 1930, 1931, 1932, 1933 and 1934, respectively, with interest at six (6%) per cent per annum thereon from November 1, 1924, until paid, and all executed by F. E. Ermis, together with the attorney's fee of ten (10%) per cent, said notes having been executed in part payment and are a first and superior vendor's lien on 93⅗ acres of land on the W. H. Bunnell Survey S. 23 in Lavaca County, Texas, described in deed dated November 8, 1920, wherein Vaclav Grossman and wife, Barbara Grossman, convey said land to F. E. Ermis, same being of record in the Deed Records of Lavaca County, Texas, in Volume 86, on page 572, to which deed and the record thereof special reference is hereby made for all purposes and the same is made a part hereof.' The said transfer and assignment also contains the following recital: 'and I do hereby bind myself, my heirs, executors and administrators that said Notes Nos. 9, 10, 11, 12, 13 and 14 are the first and superior liens on said land and that notes Nos. 15 and 16 for the principal sum of $1000.00 each are an inferior, second and junior lien on said land.' Said transfer is made a part hereof.

"Release executed by Vaclav Grossman and wife, Barbara Grossman, to F. E. Ermis dated June 5, 1925, filed on the 3rd day of June, A. D. 1925, and recorded on the 3rd day of June, A. D. 1925, in Volume 97 on page 329 of the Deed Records of Lavaca County, Texas; that said instrument releases the first eight notes of the series of sixteen notes hereinabove referred to, executed by F. E. Ermis to Vaclav Grossman in part payment for the 93⅗ acres of the W. H. Bunnell Survey.

"That on the 28th day of December, A. D. 1924, notes Nos. 15 and 16 were owned and held by Anton Miculka; that said Anton Miculka died on the 28th day of December, 1924, and at the time of his death said notes Nos. 15 and 16 were found in his possession; that each of said notes bears the following endorsement: 'For value received, I hereby sell, transfer and assign to Anton Miculka the within note together with the vendor's lien on the property securing same, and as endorser, I guarantee the payment of the within note at maturity, or on demand, at any time after maturity, waiving demand, protest and notice of non-payment thereof'; Jim Grossman. That said assignment was never recorded in the Deed Records of Lavaca County, Texas; that said notes are now owned and held as follows: Note No. 15 by Cecilia Miculka Pustejovsky and note No. 16 by Willie Miculka.

"That Mrs. Mary Yurek was the president of the K. J. Z. T. Lodge on June 5, A. D. 1925, when the said notes sued on by plaintiff herein were transferred by Vaclav Grossman to said plaintiff. Mrs. Yurek says that she would not have loaned the money on said notes unless the security had been made a first lien; that she employed an attorney to examine the records before making the loan.

"It is further agreed that there is no question as to the amount due upon the notes herein sued upon and as to the validity of the liens of plaintiff and defendants, and that the only question in this case is as to whether or not the lien of the plaintiff, under the pleadings and the facts herein given, is superior to that of the defendants, Cecilia Miculka Pustejovsky and Willie Miculka, or whether or not the lien of said defendants, Cecilia Miculka Pustejovsky and Willie Miculka, is superior to that of plaintiff, or whether or not the said lien of said defendants is on a parity and equal standing with that of plaintiff."

Upon such agreement the trial court rendered judgment, wherein it is recited:

"1. That the plaintiff, K. J. Z. T. Lodge of Texas, is the legal owner and holder of notes Nos. nine, ten, eleven, twelve, thirteen and fourteen of the series of sixteen notes executed by the defendant F. E. Ermis to Vaclav Grossman as set out in plaintiff's petition, and is entitled to recover of the defendant F. E. Ermis the amount due upon said notes, to-wit: 9, 10, 11, 12, 13 and 14, that the defendants, Cecilia Miculka Pustejovsky and Willie Miculka, are the legal owners and holders of notes Nos. fifteen and sixteen, respectively, and they are entitled to recover of and from the defendant F. E. Ermis the respective amounts due upon said notes, to-wit: the sum of One Thousand Two Hundred Seventy Two and 92/100 ($1,272.92) Dollars each:

"2. That all said notes were given in part payment of the purchase money for the fol-

lowing described tract or parcel of land and are secured by a vendor's lien against said land, to-wit:

"All that certain piece, parcel or tract of land situated in Lavaca County, Texas, being part of the W. H. Bunnell Survey, S. 23, and bounded as follows:

"Beginning at the N. W. corner of a 290-acre tract formerly owned by Otto Henkhaus; * * * Thence N. 63 W. 230 vrs. to a rock; * * * Thence S. 17½ W. 126 vrs. to a rock; * * * Thence N. 77½ W. 699 vrs. to a rock; * * * Thence E. 741 vrs. to a rock; * * * Thence N. 17½ E. 600 vrs. to the place of beginning, containing 93⅜ acres of land;

"3. That the lien of the plaintiff, the K. J. Z. T. Lodge of Texas, is a first and superior lien upon said tract of land to that of the defendants, Cecilia Miculka Pustejovsky and Willie Miculka, and that said lien of the said defendants is secondary and subordinate to that of plaintiff, and that said parties are entitled to the foreclosure of their said liens;

"4. That said tract of land be ordered sold, as provided by law, and the proceeds of said sale be applied, after the payment of all costs, first to the payment and satisfaction of the judgment herein rendered in favor of plaintiff, and second to the payment and satisfaction of the judgment herein rendered in favor of the defendants, Cecilia Miculka Pustejovsky and Willie Miculka;

"5. That the original payee in said notes, namely, Vaclav Grossman, was also known as Jim Grossman;

"It is therefore ordered, adjudged and decreed by the Court as follows, to-wit:

"That the plaintiff K. J. Z. T. Lodge of Texas, do have and recover of the defendant F. E. Ermis the sum of Six Thousand Seven Hundred and Sixty One and 51/100 ($6,751.51) Dollars, with interest thereon from this date at the rate of six (6%) per cent per annum, and all costs of suit, for which execution may issue; that the defendant Cecilia Miculka Pustejovsky, joined by her husband, Albert Pustejovsky, and the defendant Willie Miculka do each have and recover of the defendant F. E. Ermis the sum of One Thousand Two Hundred and Seventy Two and 92/100 ($1,272.92) Dollars, with interest thereon from this date at the rate of six (6%) per cent per annum;

"It is further ordered, adjudged and decreed by the Court that said vendor's lien as it existed on the 8th day of November, A. D. 1920, upon the above described tract of land and premises, be and the same is hereby foreclosed against the defendant F. E. Ermis in favor of the plaintiff and the defendants, Cecilia Miculka Pustejovsky and Willie Miculka, and that any and every right or equity of redemption by or in the said defendant F. E. Ermis is hereby absolutely and completely debarred and foreclosed; that said lien is hereby established as a first and prior lien in favor of plaintiff, K. J. Z. T. Lodge of Texas, as against defendants, Cecilia Miculka Pustejovsky and Willie Miculka; that the Clerk of this Court do issue an Order of Sale directed to the Sheriff or any Constable of Lavaca County, Texas, commanding him to seize and sell the above described tract of land and premises, as under execution, and that he apply the proceeds thereof, after the payment of all costs of suit herein incurred, first to the payment and satisfaction of the judgment herein rendered in favor of the plaintiff K. J. Z. T. Lodge of Texas, and second, to the payment of the judgments herein rendered in favor of the defendants, Cecilia Miculka Pustejovsky and Willie Miculka, equally. If the said land shall sell for more than sufficient to pay off and satisfy the judgments herein rendered in favor of the K. J. Z. T. Lodge of Texas, and the defendants, Cecilia Miculka Pustejovsky and Willie Miculka, then said officer is hereby directed to pay over such excess to the defendant F. E. Ermis. But if said property cannot be found, or if the proceeds of said sale are insufficient to first fully pay off and satisfy the judgment of the plaintiff, the K. J. Z. T. Lodge of Texas, and second, the judgment of the defendants, Cecilia Miculka Pustejovsky and Willie Miculka, or either of them, then the balance due shall be made by such officer, as under execution, out of the property and goods of the defendant, F. E. Ermis.

"And it is further ordered, adjudged and decreed by the Court that the Order of Sale issued in this judgment shall have all the force and effect of a Writ of Possession, as between the parties to this suit, and any person claiming under the defendant, F. E. Ermis, by any right acquired pending this suit, and the Sheriff or other officer executing such Order of Sale shall proceed by virtue of same to place the purchaser of the property sold under the same, in possession thereof within thirty days after the day of sale."

Defendants, Cecilia Miculka Pustejovsky, joined by her husband, Albert Pustejovsky, and Willie Miculka only have appealed to this court.

By appellants' first, second, and third assignments they contend, first, that the trial court erred in rendering judgment awarding to the K. J. Z. T. Lodge of Texas a first and superior lien and a foreclosure thereof upon the land in controversy as against the lien of appellants, the owners and holders of notes Nos. 15 and 16, because there was no showing that, at the time notes Nos. 9 to 14, inclusive, were transferred to appellee by Grossman, Grossman owned said notes Nos. 15 and 16, and had the right under the law to make the lien securing notes Nos. 9 to 14, inclusive, superior notes to Nos. 15 and 16, in that, unless Grossman was at such time the owner of notes 15 and 16, he could not make the lien of notes 9 to 14, inclusive, a superior lien to notes 15 and 16; that the burden was upon appellee to show that at such time Grossman still owned notes 15 and 16; second, that appellee was not a bona fide purchaser, in that the purchaser knew at the time of such purchase that notes 15 and 16 were still outstanding, and was charged with knowledge that Grossman could not make the lien securing notes 9 to 14, inclusive, a superior lien to that securing notes 15 and 16, unless he was the owner of notes 15 and 16, and therefore appellee was put upon inquiry as to the ownership of notes 15 and 16 at the time of the purchase of notes 9 to 14, inclusive; that there was no evidence to show that appellee made any inquiry as to who owned notes 15 and 16; that had any inquiry, such as an ordinarily prudent person would have made under the same or similar circumstances, been made, appellee would have thereby discovered that Grossman did not own notes 15 and 16, and therefore could not make the lien securing notes 9 to 14, inclusive, a prior lien to notes 15 and 16; third, that appellee knew at the time of the purchase and transfer of notes 9 to 14, inclusive, that notes 15 and 16 were still outstanding, and was charged with the knowledge that Grossman could not make the lien of notes 15 and 16 subordinate to the lien of notes 9 to 14, inclusive, unless he was the owner of notes 15 and 16; at least such knowledge put appellee upon inquiry as to who owned notes 15 and 16, and had appellee made such inquiry it would have discovered that Grossman was not the owner of notes 15 and 16 at the time of the transfer to it of notes 9 to 14, inclusive.

We overrule all of appellants' contentions.

Vaclav Grossman, hereinbefore and hereinafter referred to as "Grossman," on November 1, 1920, by his deed conveyed to one F. E. Ermis 93⅗ acres of land in Lavaca county, Tex. As part consideration for the land Ermis executed and delivered to Grossman his 16 vendor's lien notes numbered consecutively 1 to 16, inclusive. It appears from the deed of conveyance that all of the notes were on a parity and of equal standing. Notes Nos. 1 to 8, inclusive, were paid to Grossman at the time notes Nos. 9 to 14, inclusive, were transferred to appellee, to wit, on the 5th day of June, 1925. Theretofore, on the 28th day of December, 1924, Grossman transferred to Anton Miculka notes 15 and 16. Each of the notes 15 and 16 bears the following endorsement:

"For value received, I hereby sell, transfer and assign to Anton Miculka the within note, together with the vendor's lien on the property securing same, and as endorser, I guarantee the payment of the within note at maturity, or on demand, at any time after maturity, waiving demand, protest, and notice of non-payment thereof.

"Jim Grossman."

Such transfer was written on the back of said notes and never placed of record as provided by law. Notes 15 and 16 at the time of the trial of this cause were owned, one by Cecilia Miculka Pustejovsky, and the other by Willie Miculka, appellants here.

The transfer of the six notes to appellee recites that they are a first and superior vendor's lien on the land sold by Grossman to Ermis; such transfer also recites: "I do hereby bind myself, my heirs, executors and administrators that said notes Nos. 9, 10, 11, 12, 13 and 14 are the first and superior liens on said land, and that notes Nos. 15 and 16 for the principal sum of $1000.00 each are an inferior and junior lien on said land."

It is agreed by all parties to this suit that the only question to be decided by this court is as to whether or not the lien of appellants is superior to that of appellee, or whether or not it is on a parity and of equal standing with that of appellee.

We find that appellee at the time it purchased notes 9 to 14, inclusive, had no notice or knowledge, either actual or constructive, that Grossman had parted with his title to notes 15 and 16, and we further find from the agreed facts that appellee at the time of the transfer of the six notes transferred to it was not in possession of any fact or facts that would put an ordinarily prudent person on inquiry as to whether Grossman at such time was still the owner of notes 15 and 16. Indeed, the transfer of the notes to appellee was in effect a declaration that Grossman still owned notes 15 and 16, as he would not otherwise have authority to declare said notes

an inferior lien to the notes transferred to appellee. We can see no grounds for holding that in the face of such declaration appellee was called upon to inquire of Grossman as to whether or not he still owned notes 15 and 16.

In Thomas v. Bank, 60 Tex. Civ. App. 133, 127 S. W. 844, 845, it is said: "When a purchaser who seeks to buy land has examined the records of titles [notes in the present case], and finds nothing to indicate that there is an adverse claim, and he is not in possession of any facts that would put him upon inquiry as to any matter not of record, he has the right to presume that any person claiming an adverse right would have placed the same upon record, and that there is none."

Appellants' assignment No. 4 is overruled without a detailed discussion of same, as we think what we have said under other assignments fully answers the contention made by said assignment No. 4.

In view of the matters and things above pointed out and expressed, the judgment is affirmed.

Affirmed.