# THE
# TEXAS LAW REPORTER.

AUSTIN, TEXAS, MONDAY, April 24, 1882.

## MORTON VS. SOWELL.

### SUPREME COURT, APRIL 11, 1882.

*Indemnity Bond—Rights of Sureties—Purchaser Without Notice—Burden of Proof.*—When the obligation is to indemnify against damages, expenses and the liability of the obligee is reduced to a certainty, he will be permitted to enforce his demand against the obligor, and before he satisfied the charge against himself.

The holder of a junior title, alleged to be superior for want of notice, cannot claim to be a *bona fide* purchaser for value for so much of the consideration paid after actual notice, and it devolved upon him clearly to show that a valuable consideration had been paid.

Appeal from Dallas.

W. L. Williams, Wellborn Leak and Henry, for appellee.

D. M. Payne and Stkmmons & Field for appellant

Plaintiff Sowell alleged and proved that he had caused an execution against one Stephen Gilroy, to be levied on certain personal property; that the property levied upon was claimed by one John Gilroy, who made the necessary affidavit and gave the required bond for the trial of the right of said property; that such trial was had and judgment was given against John Gilroy and his surities for said property, damages and costs, upon which execution issued; that said John Gilroy failed to deliver said property as stipulated in the bond, wherefore said claimants' bond was endorsed by the proper officer "forfeited," and returned into court, thereby becoming a judgment against said John Gilroy and his sureties, in favor of plaintiff Sowell, for the value of said property, to wit:

$307.20; that D. A. Paschal and S. H. Cumby were the sureties of said John Gilroy on said claim bond; that to induce them to become such sureties, said John Gilroy, on September 18, 1877, executed a deed conveying to them the lot of land in controversy in this suit, in trust, that if said John Gilroy should fail to cancel said claim bond at maturity, then, at the request of the said Paschal and Cumby, the said John Gilroy, or in case of his inability or refusal, then A. B. Lanier should sell said property and apply the proceeds to the payment of said bond, interest and costs; that John Gilroy failing to act, the said Lanier, the substitute named in the deed, acted and sold said land in pursuance of the terms of said deed, at which sale plaintiff Sowell became the purchaser, to whom deed was duly executed by the trustee Lanier, May 31, 1879. Plaintiff and defendant both claim from John Gilroy as a common source, defendant Morton claiming through deed from Gilroy to Payne and Williams, dated June 18, 1878, consideration recited $1500. It was in proof that the consideration was legal services, a part performed before the execution of the deed and part to be performed thereafter. Plaintiff prayed for writ of sequestration, which was issued and the land seized, and defendant replevied. Judgment for plaintiff; motion for new trial overruled, from which defendant appeals, the main errors assigned being that the sureties had never paid anything on the claim bond, and therefore there had been no such breach of the bond as to authorize the sale under the trust deed; that the court erred in finding for the plaintiff, because defendant showed a superior outstanding title to the land in the controversy. Appellee assigns as error the ruling of the court that the record of the trust deed was not constructive notice, because the acknowledgement upon which the record was made was taken by a notary public, when he appeared upon the face of the deed to be empowered to act as substitute trustee in a certain contingency.

Opinion by Bonner, J.

The first and second assigned errors present substantially the same question, that, it does not appear that Paschal and Cumby had ever paid anything on the claim-bond of John Gilroy to indemnify them, to authorize the sale under which

appellee Sowell claims title to the land in controversy. The claim-bond was conditioned substantially that Gilroy wou d pay off or otherwise satisfy the same at its maturity, and on failure to do so, that the land should be sold by the trustee, the proceeds to be applied to the payment of the bond. Judgment was rendered against Gilroy in the suit for the trial of the right of property and the bond subsequently declared forfeited, which, under the statute, had the force and effect of a judgment against him and his sureties, Paschal and Cumby. (P. D., Art. 5316.)

In Pope vs. Hays, Chief Justice Hemphill, in passing upon similar questions, says, "The question of what should be regarded as breaches of bonds of indemnity, was fully considered in the case of Rockfeller vs. Donnelly, 8 Cowen, 628, and in Chase vs. Hinman, 8 Wendell, 452. In the former case the chancellor expressed his views of the rule in such cases as follows, viz.: That when the obligee has become absolutely bound and liable to pay the damage incurred by the charge, and his demand against his obligor upon the bond of indemnity, by reason of the charge against himself, is reduced to a certainty, it would surely be just and reasonable, and would violate no principle of law, to permit him to enforce his own demand against the obligor in the first instance, and before he satisfies the charge against himself. It is an operation which avoids circuity, and essentially subserves the purposes of justice and equity by enabling him who is entitled to indemnity to claim the means to satisfy the charge he has incurred, from the party who ought to bear it, and thereby save himself the necessity of an advance and payment out of his own funds and estate, which might be inconvenient and perhaps involve him in serious embarrassments. That this proposition is equitable and just, that it would save the party exposed to injury, and could do no wrong to the one in default, must strike the mind of every one with a force that cannot be resisted. It harmonizes also with the jurisprudence and procedure in this State, which avoids circuity in principle and in proceedings, and which by a species of preventative justice, shields the innocent against losses which must in all probability accrue and will not delay until the

wrong is done, and then deal out a scanty relief by way of compensation." (19 Tex., 378.)

We think the authority and reasoning of that case decisive of the one under consideration, and that the contingency had happened which authorized the sale, under the trust deed under which appellee Sowell claims title. March vs. Hubbard, 50 Tex., 207.

The only other alleged error relied on by the appellant is the eighth, that the court erred in finding for the plaintiff Sowell, because defendant Morton showed a superior outstanding title to the land sued for in Payne and Williams.

The deed from Gilroy to Payne and Williams was not strictly a superior outstanding title, as that phrase is usually understood, but a prior title in them, alleged to be superior for want of notice, actual or constructive, of the prior trust deed under which Somell claims title. To defeat this trust deed Payne and Williams must not only have been bona fide purchasers without notice, but for a valuable consideration paid before such notice; and the burden of proof devolved upon Morton to show these facts. By the testimony of these parties themselves, it appears that the consideration of this deed was far less than recited therein, and also that it was both for services rendered and those subsequently to be rendered. It does not appear what proportions of these services were rendered before actual notice by them of the trust deed, and what proportion afterwards· Under well established principles of equity, they could not claim to have been bona fide purchasers for value for so much of the services as were rendered after such actual notice, and it devolved upon Morton to show clearly that a valuable consideration had been paid.

Again, the testimony not only fails to show that the rights of Payne and Williams, in regard to the antecedent services, were changed or prejudiced by taking the deed from Gilroy; but on the contrary, it does affirmatively appear that they subsequently did not respect this deed as a payment thereof, but prosecuted their claims, both for the antecedent, as well as the subsequent services, to judgment against Gilroy.

We are of opinion that this ground of defense was not sus-

tained by the testimony, and that the eighth assignment was not well taken.

This view of the case dispenses with the necessity of deciding the question raised by the assignment of error on the part of appellee, that the court erred in holding that the record of the trust deed was not constructive notice, because the acknowledgment upon which this record was made was taken by Lanier, as a notary public, when he appeared upon the face of the deed to be empowerd in a certain contingency, (and which in fact happened,) to act as substituted trustee in the sale of the land. That such acknowledgment, if taken by the trustee primarily empowered to act, would vitiate the record, has been expressed by many decisions. Brown vs. Moore, 38 Tex., 645; Sample vs. Irwin, 45 Tex., 573; Stevens vs. Hampton, 46 Mo., 404. No opinion is now expressed whether the same principles would not apply to a substituted trustee, when he appears as such on the face of the deed. There being no apparent error in the judgment below, the same is affirmed.

## ABSTRACTS OF RECENT DECISIONS.

*Administration—Discharge of Executor.*—Until the entry of a decree discharging the executor, the trust still continues in contemplation of law, and such executor remains clothed with the duty and authority of his office. Until the entry of such decree the estate is not settled. Dohs vs. Willoughby, S. C. Cal., March 22, 1882.

*Assignment of Building Contract.*—The defendant contracted orally with one G. for the building of a house for himself. When the house was partly built said G. assigned the contract to the plaintiff. Sundry modifications of the oral contract had been made between the parties to it prior to the written assignment. The assignment stated that said G. did " hereby assign, set over, and transfer into said W. all my right, title and interest in and to a certain contract with Dennis Donovan, which contract was to build for said D. a certain house on Border street; said W. to complete said house in a good and workmanlike manner, and in all respects according to the contract made by me with said D." *Held,*