### GUEVARA et al. v. GUEVARA.
#### (No. 776–4054.)

(Commission of Appeals of Texas, Section A. March 10, 1926.)

**1. Vendor and purchaser ⬯257.**

Deed providing retention of vendor's lien until full payment, when deed should become absolute, made the grant conditional until payment.

**2. Municipal corporations ⬯225(5)—Where deed recited note, and note referred to ordinance, grantee and his successors had constructive knowledge of ordinance.**

Where city's deed recited note, and note referred to ordinance as giving right to forfeit land for nonpayment, grantee and subsequent purchasers had constructive knowledge of the remedies set out in the ordinance.

**3. Notice ⬯6.**

Means of knowledge, with the duty of using it, is equivalent to knowledge itself.

**4. Trespass to try title ⬯25—Grantee of city which forfeited title for nonpayment under vendor's lien is not merely asserting title under vendor's retention of superior title (Rev. St. 1925, art. 5520).**

Forfeiture of title by city for nonpayment under vendor's lien vested absolute title in the city, and a subsequent grantee of city, in bringing trespass, is not merely asserting rights under the vendor's retention of superior title in connection with the original sale, bringing suit within prohibition of Rev. St. 1925, art. 5520.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Alfonso Guevara against Arturo M. Guevara and others. Judgment for the plaintiff was affirmed by the Court of Civil Appeals (253 S. W. 345), and defendants bring error. Affirmed.

Mann, Neel & Mann, of Laredo, for plaintiffs in error.

W. W. Winslow, of Laredo, for defendant in error.

NICKELS, J. The suit is trespass to try title to a certain lot in the city of Laredo; the lot being a part of the land granted to the city by the King of Spain in 1767, the grant (within the boundaries of the state) having been confirmed by the state's patent, the general history of that grant, etc., being given in Bunn v. City of Laredo (Tex. Com. App.) 245 S. W. 426, and in the opinion of the Court of Civil Appeals (253 S. W. 345) in the present case. Alfonso Guevara brought the suit

against the others, and all parties (except the city) claim under the city of Laredo as common source; the city was sued upon its warranty. The district court rendered judgment in favor of Alfonso Guevara, and this judgment was affirmed by the Court of Civil Appeals upon the authority, largely, of Bunn v. City of Laredo, supra. Writ of error was granted upon assignments presenting, in substance, alleged conflict with the case just cited and with Cathey v. Weaver, 242 S. W. 447, 111 Tex. 515; the insistence being that Alfonso's suit is, in effect, one to enforce rights pertaining to the retention of superior title within the meaning of those cases. A collateral, or supplementary, proposition is advanced to the effect that there was nothing in the title papers of Arturo et al. to charge them with notice of the city's right to rescind the original sale and to repossess the land for the nonpayment of the purchase price; it being claimed that the rescission in 1916, without notice, did not operate against subsequent purchasers holding under the original deed, and hence did not amount to the valid exercise of a purely contractual remedy by the city. These claims will be noticed in their inverse order.

The deed executed by the city in 1888, under which the plaintiffs in error hold, recites a consideration of $13 "cash" and the grantee's "promissory note for one hundred and seventeen dollars payable on or before twenty years after date," and it retains a lien to secure payment of the note in these words:

"But it is expressly agreed and stipulated the vendor's lien is retained against the above-described property, premises and improvements until the above-described note and all interest thereon are fully paid according to its face and tenor effect and reading when this deed shall become absolute."

[1–3] By operation of law, the grant was executory, pending satisfaction of the debt, and it would have been so if the words, "when this deed shall become absolute," had been omitted. But the employment of those words, by an appropriate converse, plainly declared the grant was conditional until the contingency (of payment) should happen. In two ways, therefore, those acquiring interests under the original grantee were charged with notice that the city did have some interest in the property if the contingency provided for had not occurred, and that the payment may not have been made. But they were charged also with notice in an additional and more specific way. The deed recited the existence of a purchase-money note, and this imported knowledge of the contents of that paper (Robertson v. Guerin, 50 Tex. 323, and cases therein cited; Gaston v. Dashiell, 55 Tex. 517; Cordova v. Hood, 17 Wall. 1, 21 L. Ed. 587; 20 R. C. L. § 15, pp. 353, 354), as also of such relevant papers as might be referred to therein (Id.). The

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

note, of whose contents the parties thus had notice, declared the principal and interest to be payable "at the mayor's office, in the city of Laredo, Tex.," that it "is given in part payment of the purchase money" for the lot in question "this day sold * * * by the city of Laredo," and that, "in case of nonpayment of the principal or any interest accrued at the time the same is payable, then the owner or holder hereof may have the said lands forfeited according to the ordinance in such cases provided." From these expressions of the deed (wherein reference is made to the note) and of the note (wherein the right of the city to cancel pursuant to the ordinance was reserved), subsequent purchasers were "charged with constructive knowledge" of "the remedy provided for in the ordinance" by an "instrument in their chain of title." Id. Counsel for plaintiffs in error predicate their argument upon supposed lack of that "constructive knowledge"; and its absence, they say, is demonstrated by the failure of the original deed itself "in any manner to refer to the ordinance." The argument, however, overlooks the fact that the deed does refer to the note and the note, in turn, specifically refers to the ordinance and the remedy there provided. There existed, therefore, means of knowledge, with the duty of using them; and this is equivalent to knowledge itself. Cordova v. Hood, supra. The remedy (i. e. rescission) employed by the city in 1916 was not "extra contractual," as it is styled by counsel; its existence is declared in the very words of the contract. Hence it was a remedy for whose exercise the city required no aid from the courts. Notice of its existence and of its use being, as they were, imputed to those in privity with the original grantee, the city's reclaimer of title, and its incidents, was binding upon them.

[4] But little need be said in respect to the assertion that Alfonso is, in effect, merely asserting rights under the vendor's retention of superior title in connection with the original sale. For, as already shown, those rights were used by the city itself, and for the efficient reclaimer of title, in 1916, and that, too, without the intervention of the courts. As a consequence, the city was the absolute owner and possessor, so far as there was possession by anybody, from the date of rescission in 1916 up to January 29, 1920. On the latter day, and by warranty deed, the city, as owner, conveyed the land to Alfonso and thereby vested him with title and right to possession. Thereafter (March, 1922), one or more of the other parties dispossessed him, and, as a result, he brought suit to enforce the rights which he had acquired through the purchase on January 29th, and those rights, as shown, in their relation to his power to maintain the suit, are independent of the prior user of the contractual remedy.

The action of the city in 1916 is not out of harmony with anything said in Bunn v. City of Laredo (Tex. Com. App.) 245 S. W. 426, or in Cathey v. Weaver, 242 S. W. 447, 111 Tex. 515, because that action was independent of the courts. On the contrary, its effectiveness is plainly affirmed in the first of those cases, if, indeed, it is not so affirmed in the other. And, because this is so, the right of Alfonso Guevara to maintain the suit is in no way involved in the prohibitions of article 5694, R. S. 1911, as amended in 1913 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5694), now article 5520, R. S. 1925.

Accordingly, we recommend that the judgments of the district court and of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.