## PALMER et ux. v. FIRST NAT. BANK IN RHOME.
### No. 13047.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 9, 1934.

Rehearing Denied Dec. 7, 1934.

John L. Poulter, of Fort Worth, for appellants.

C. T. Gettys, of Decatur, for appellee.

DUNKLIN, Chief Justice.

This suit was in trespass to try title to a lot 100 feet square in block 11 in the town of Rhome, Wise county, Tex., instituted by the First National Bank in Rhome against Ed Palmer and wife, Mrs. Ethel Palmer. The defendants filed pleas of general denial, not guilty.

A jury was impaneled, but after the evidence was introduced they were discharged by the court and judgment was then rendered for plaintiff bank for the property. The defendants have appealed.

On October 22, 1930, I. R. Williams and wife executed a deed of trust in favor of plaintiff, the First National Bank in Rhome, on the lot in controversy to secure payment of their note to the bank for the principal sum of $862.61. The deed of trust was recorded in the deed of trust records of Wise county on October 25, 1930. On October 28, 1931, the bank filed suit against the makers for personal judgment on the note and foreclosure of the lien given to secure it. Citation was served on the defendants in that suit on October 31, 1931. On June 16, 1932, judgment was rendered in that suit in favor of the bank for the sum of $1,057.90, the amount then due and unpaid on the note, with foreclosure of the lien. Defendants in this suit were never made parties to that foreclosure suit, and no lis pendens notice was filed for record by plaintiff in that suit. The property was sold by the sheriff under that judgment to the plaintiff bank. On May 31, 1932, which was during the pendency of the foreclosure suit but prior to the judgment of foreclosure, I. R. Williams and wife, Mrs. Ethel Williams, executed a deed conveying the property to defendant Ed L. Palmer. The consideration stated being "$100.00 cash and the

assumption of $72.00 due the First National Bank of Rhome, Texas, secured by a lien on the property and one note payable to Mrs. Ethel Williams at $10.00 per month with interest at the rate of eight per cent. The first payment is due July 1, 1932, and a payment being due on the first of each month until all of the principal and interest is paid." At the time that deed was executed, defendant E. L. Palmer with his family was in possession of the property as a tenant of the grantor, I. R. Williams, and since its execution he has continued such possession, claiming the same as a homestead for himself and family. But that deed was not filed for record in the deed records of Wise county until May 23, 1933, which was after the institution of this suit in April, 1933. The possession of Palmer as a tenant of I. R. Williams was taken during the pendency of the foreclosure suit and less than one month prior to the execution of the deed to him by Williams and wife.

The defense was based upon the provisions of article 6642, Rev. Civ. Statutes, read in connection with articles 6640 and 6641 and the testimony of defendant Palmer, hereinafter noted.

Articles 6640 and 6641 recite that one suing for recovery of any interest in real estate may file, for record in the "Lis Pendens Record" of the county in which the real estate is situated, a notice of the pendency of the suit.

Article 6642 reads: "The pendency of such suit or action shall not prevent effective transfers or encumbrances of such real estate to a third party for a valuable consideration and without other notice, actual or constructive, by a party to the suit as against a subsequent decree for the adverse party unless such notice shall have been properly filed under the name of the party attempting to transfer or encumber in the county or counties in which said land is situated."

Defendant E. L. Palmer testified that he purchased the property from Williams in good faith and for the consideration recited in the deed to him, and that at that time he did not know of the pendency of the foreclosure suit. He insists that in view of such testimony the court erred in refusing to submit that issue for determination by the jury, citing article 6642 of the statutes and such decisions as Benn v. Security Realty Co. (Tex. Civ. App.) 54 S.W.(2d) 146, 147, that hold that mere pendency of a suit for realty is not of itself constructive notice to a purchaser of the property from the defendant in the suit.

■ Appellee insists that it conclusively appears from the testimony of E. L. Palmer himself he had constructive notice of the pendency of the suit within the meaning of the statute invoked when he purchased from Williams and wife, and therefore the court did not err in withdrawing from the jury the issue of notice. It cannot be doubted that when he purchased the property Palmer was chargeable with constructive notice of the pendency of the foreclosure suit if he had knowledge of any fact sufficient to excite inquiry in the mind of a person of ordinary prudence, which, if pursued, would have led to a discovery of the fact that the foreclosure suit had been filed and was then pending.

■ When Palmer purchased from Williams, he had both actual and constructive notice of the mortgage lien then held by the bank against the property. If he had made inquiry of the bank to ascertain the status of the note and lien before he purchased, undoubtedly he would have been informed of the fact that the note was unpaid and that the suit to foreclose the lien was then pending. And we believe it conclusively appears that a person of ordinary prudence, contemplating the purchase of the property at the price stipulated in Palmer's deed, would have made that inquiry and as a result thereof would have discovered the pendency of the suit before making such purchase. At all events, he would have made such inquiry after the assumption of $72 of the note that was past due at the time of the purchase.

Having constructive notice of the pendency of the suit, he is excluded from the benefits of article 6642 of our statutes. 28 Tex. Jur. pp. 332 to 340, inclusive; Ater v. Knight (Tex. Civ. App.) 218 S. W. 648, 649; Texas Co. v. Dunlap (Tex. Com. App.) 41 S.W.(2d) 42, 44; 38 C. J. pp. 30, 31.

In Belcher Land Mtg. Co. v. Clark (Tex. Civ. App.) 238 S. W. 685, 688, 689, this is said, that it is a well-established principle that "whatever is notice enough to excite attention and put the party on his guard and call for inquiry is also notice of everything to which it is afterwards found that such inquiry might have led, although all was unknown for want of investigation."

Also, see Guevara v. Guevara (Tex. Com. App.) 280 S. W. 736; Scoggin v. Mason, 46 Tex. Civ. App. 480, 103 S. W. 831, 834; Temple Lumber Co. v. Broocks (Tex. Civ. App.) 165 S. W. 507; Skov v. Coffin (Tex. Civ. App.) 137 S. W. 450; Hill v. Moore, 85 Tex. 347, 19 S. W. 162; Hardy Oil Co. v. Burnham, 58 Tex. Civ. App. 285, 124 S. W. 221, 225; 46 C. J. 567, § 107.

Gaston & Thomas v. Dashiell, 55 Tex. 508, was a suit in trespass to try title instituted by Gaston & Thomas against W. B. Dashiell. It appeared that the land in controversy was the separate property of Mrs. C. A. Dashiell at the time of her death. She devised it to her children, appointed her surviving husband, W. B. Dashiell, executor with full power to "manage, sell and dispose of it" for the benefit of said children. After the will was probated, W. B. Dashiell applied to Gaston & Thomas for a loan, which the latter expressed a willingness to make on real estate security. Dashiell then conveyed the property to J. A. Bennett with warranty of title reciting a consideration paid of $20,000 and that it was made for the purpose mentioned in the will of Mrs. C. A. Dashiell, deceased. That deed was dated and duly acknowledged on April 20, 1876, and recorded in Kaufman county, where the land was located, on April 12, 1876. On the latter date J. A. Bennett conveyed the land to W. B. Dashiell, the deed reciting a cash consideration paid of $20,000, with warranty of title against any one claiming through the grantor Bennett. That deed was on the day of its execution also filed and duly recorded in Kaufman county. Gaston & Thomas then made a loan to W. B. Dashiell of $3,500, secured by a deed of trust on the land. Upon default in payment, the trustee sold the property and Gaston & Thomas became the purchasers through F. H. Davenport, who took title in his name and quitclaimed to Gaston & Thomas. Alfred H. and Ann R. Dashiell, children of Mrs. C. A. Dashiell, intervened in the suit and title was awarded to them. Gaston & Thomas appealed. Interveners alleged that plaintiffs took the mortgage and later purchased with notice of their title.

The considerations recited in the deed from Dashiell to Bennett and from Bennett to Dashiell were both fictitious. According to testimony of plaintiffs, they made the loan in good faith; relied on the abstract of title furnished and the opinion of their attorneys who examined it that good title was vested in W. B. Dashiell when the loan was made, and without any notice of any lack of consideration to support either the deed from W. B. Dashiell to J. A. Bennett or in the reconveyance by the latter to the former.

In the opinion of the court this was said: "This is not a mere reconveyance to the trustee, but is a reconveyance by way of a quitclaim, the very large consideration of $20,000 being the same in both conveyances. A pregnant circumstance is that both convey-ances are made after negotiations for the loan had commenced, and after Gaston & Thomas had stated that they would lend on real estate security. With these additional circumstances, the latter testified to by the appellants themselves, and it being clearly shown that the conveyance to Bennett was without consideration, and his reconveyance made probably on the same day that Dashiell's deed reached him, we think that as a matter of law Gaston & Thomas were chargeable with notice of the fraud. Notice is often a question of law, and where the evidence tending to charge parties with notice consists in part of written instruments, and in part of admitted or unquestioned facts connected with those instruments, we think that the question should be one of law. Especially should this be so in this case, where Gaston & Thomas deny any actual knowledge of the conveyances, but by an inflexible rule of law are to be charged with notice, just as if deeds had been presented to them by Dashiell."

Under the evidence recited above and authorities noted, it is our conclusion that the judgment of the trial court should be affirmed, and it is so ordered.