A. J. HARTEL, JR., ET AL V. H. E. DISHMAN.

No. 7488. Decided December 19, 1940.
Rehearing overruled January 22, 1941.
(145 S. W., 2d Series, 865.)

*David E. O'Fiel* and *W. R. Blain,* both of Beaumont, for plaintiffs in error.

In order for the plaintiff in the court below to have recovered judgment cancelling the lien of the deed of trust as a cloud upon his title, the lien having continued in effect by virtue of the filing of the suit in Jefferson County, it was necessary, for him in order to defeat the prior lien holder, to have pleaded and proved that he purchased without knowledge of the filing of suit in Jefferson County, and that he paid a valuable consideration for the land, or to have offered to do equity by tending payment of the debt secured by the lien in favor of plaintiffs in error. City Natl. Bank v. Craig, 113 Texas 375, 257 S. W. 210; Morton v. Lowell, 56 Texas 643; Ryle v. Davidson, 102 Texas 227, 115 S. W. 28; Watkins v. Edwards, 23 Texas 443.

*W. O. Bowers,* Jr., of Beaumont, for defendant in error.

Defendant in error, Dishman, who purchased the record legal title to the Orange County land by general warranty deed is not required either to allege or prove that he was an innocent purchaser for value without notice as against plaintiffs in error, who assert only an equitable claim against the land,

based on a deed of trust executed by Martha A. Van Auken to secure her promissory notes payable to plaintiffs in error, and a suit thereon filed in Jefferson County, Texas. McAlpine v. Burnett, 23 Texas 649; Frazier v. Tankersley, 272 S. W. 212, 285 S. W. 305; Hill v. Moore, 62 Texas 610; Edwards v. Brown, 68 Texas 329, 5 S. W. 87.

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

Defendant in error, H. E. Dishman, as plaintiff, filed suit in the District Court of Jefferson County against A. J. Hartel, Jr., George A. Barngrover, and David E. O'Fiel, Trustees of George A. Barngrover Trust Estate, and J. A. Mitchell, sheriff of Orange County, to enjoin the sale of 250 acres of land out of the Claiborne West League in Orange County, which were advertised to be sold under an order of sale issued out of the District Court of Jefferson County, dated the 8th day of May, 1936, upon a judgment recovered in a suit styled Georga A. Barngrover Trust Estate, by the above-named trustees, against M. A. Van Auken, a feme sole, on the 25th day of September, 1933, for the amount of two notes for $1250.00 each, and for a foreclosure of a deed of trust against said land. Upon a plea of privilege, the case was transferred to the District Court of Liberty County. The parties will here be referred to as they appeared in the district court.

Plaintiff alleged that on April 15, 1936, he was the owner in fee simple of the land in question under a general warranty deed of that date, for a valuable consideration, from one Stuart R. Smith; that prior to the execution and delivery of that deed, he made an examination of the records of Orange County and that there was not then any record of a suit filed in that county by the Barngrover Trust Estate affecting said land, nor was there a lis pendens notice there filed of any such suit, nor was there an abstract of this judgment filed in the records of said county; and for which reasons he was not charged with notice of any right of the Trust Estate to said land. That there was recorded in the deed records of Orange County a deed of trust executed by Martha A. Van Auken to E. B. Pickett, Jr., Trustee, dated August 17, 1927, and recorded in Volume O, pages 443-446, of the deed records of Orange County, to secure the payment of two notes of same date payable to the order of the Trust Estate for $1250.00 each, due, respectively, August 27, 1928 and 1929, and which described the land in suit. That December 12, 1933, Martha A. Van Auken by warranty deed conveyed this land to plaintiff's grantor, Stuart R. Smith; that

the judgment in such former suit was void because: (1) The petition did not allege the residence of the defendant; (2) failed to allege that the deed of trust was given to secure the payment of the notes; and (3) that the citation served upon the defendant stated that the land sought to be foreclosed on was situated in Jefferson County; and that by reason of all such matters the plaintiff at the time of his purchase was entitled to rely and did rely upon the fact that the records of Orange County disclosed that the notes were barred and the deed of trust lien extinguished by virtue of the Limitation Statutes of this State. Wherefore plaintiff was entitled to said land free of any claim in behalf of said Trust Estate, and to a writ of injunction to restrain the sale of same by the sheriff of Orange County; and on final trial that the cloud so cast on plaintiff's title be removed.

The defendants answered by general demurrer and general denial.

The district court granted a temporary injunction against the sale of the property, and upon a trial had on the 4th day of March, 1937, rendered judgment in favor of the plaintiff, quieting the title to the premises in favor of the plaintiff "free and clear of any claims of the defendants" by virtue of said deed of trust, and free and clear of any claims of the defendants by virtue of the aforesaid judgment. Defendants appealed to the Court of Civil Appeals for the Ninth Supreme Judicial District at Beaumont, and that court on April 7, 1938, affirmed the judgment of the district court.

The Court of Civil Appeals in its opinion, 116 S. W. (2d) 891, declined to pass upon that portion of the judgment of the trial court which held void the judgment of the Barngrover Trust Estate against Mrs. Van Auken; but held that the judgment of the district court should be affirmed because defendants had not discharged the burden of proof which the court thought rested upon defendants to allege and prove that plaintiff purchased the land with notice of the filing of the Jefferson County suit; and cited in support of its opinion, Frazier v. Tankersley, 272 S. W. 212, and Marshburn v. Stewart, 113 Texas 507, 254 S. W. 942. This Court granted defendants' petition for writ of error.

The testimony upon the trial of the cause, so far as relevant, upon the part of the plaintiff, consisted of the following: (1) A recorded deed from Martha A. Van Auken to Stuart R. Smith, dated December 12, 1933, and which described this land

according to the description shown in said deed of trust; and a deed from him to Westulane Corporation, dated February 13, 1934, and a reconveyance by the Corporation to Smith, dated April 15, 1936; (2) a recorded deed to same premises from Smith to plaintiff, dated April 15, 1936; (3) a certified copy of the original petition in the suit of George A. Barngrover Trust Estate et al v. M. A. Van Auken, a feme sole, which was filed in the District Court of Jefferson County July 28, 1932, and which will be more fully referred to and discussed; (4) an alias citation issued out of that court commanding the sheriff to summon M. A. Van Auken, a feme sole, to appear and answer plaintiff's petition in said suit, and the return of the officer thereon showing service upon her in said county September 13, 1932. This citation was in the usual form and contained the substance of plaintiff's petition, with the exception that it recited that the land sought to be foreclosed on was a part of the Claiborne West League in Jefferson County; and (5) a certified copy of the judgment recovered in said cause.

Defendants only evidence was the aforesaid judgment.

The plaintiff did not testify, nor did he offer any testimony other than that of the deed records, as substantially set out above, and copies of the proceedings had in the former suit of Barngrover Trust Estate against Mrs. Van Auken. Hence, it appears that plaintiff neither alleged in his complaint nor proved that he or his vendor, Stuart R. Smith, were bona fide purchasers of the land in question without knowledge or notice of the suit which resulted in the judgment in question against Mrs. Van Auken.

██ We do not agree with the holding of the Court of Civil Appeals that defendants rested under the burden of alleging and proving that plaintiff purchased with notice of the filing of their suit against Mrs. Van Auken. The filing of that suit, as between the parties, stopped the running of the Statutes of Limitation as effectually as if the maker of the notes and the grantor of the deed of trust had formally renewed the debt and lien. Ater v. Knight (Tex. Civ. App., writ refused), 218 S. W. 648; Paddock v. Williamson (Tex. Civ. App., writ refused), 9 S. W. (2d) 452. The plaintiff, claiming title through Mrs. Van Auken could assert no better right to the land in suit than she could have asserted, unless he was a bona fide purchaser of the same without notice of the pendency of the suit. That, we think, results from the plain reading and effect of Articles 6640 and 6642, R. C. S. 1925, and Article 6643, Vernon's Ann. Civ. Statutes, Acts of the 40th Leg., 1927, p. 83,

ch. 59. Article 6640 provides in substance that during the pendency of any suit involving the title to or interest in any real estate, or to enforce any lien thereon, either party may file a notice of the pendency of such suit with the county clerk of each county where such real estate or a part thereof is situated.

Article 6642 provides: "The pendency of such suit or action shall not prevent effective transfers or encumbrances of such real estate to a third party for a valuable consideration and without other notice, actual or constructive, by a party to the suit as against a subsequent decree for the adverse party, unless such notice shall have been properly filed under the name of the party attempting to transfer or encumber in the county or counties in which said land is situated."

Article 6643 provides: "All such notices of pendency shall be notice to all the word of their contents and that the suit or suits mentioned therein are pending, and such notices shall operate as soon as filed with the county clerk for record, as provided in this Chapter whether service has been had on the parties to said suit or not."

■ The effect of a pending suit before the passage of these statutes was to give constructive notice to all persons of the subject matter of the litigation; and no one, however innocent in fact, who purchased land in litigation from either party to the suit, was afforded protection regardless of the fact that the purchaser may have paid full value, and that he neither knew nor had an opportunity to know of the pendency of the suit. This Court in the case of City National Bank v. Craig, 113 Texas 375, 215 S. W. 210, construed our Lis Pendens Statutes, and in doing so referred to the harshness of the rule as it existed at common law, which operated to divest persons of title to real estate or liens thereon acquired by them in good faith, and who had relied on the records of the office maintained to disclose the status of land titles. The Court stated that by the adoption of these statutes the common law rule of lis pendens was modified so that the pendency of any suit involving the title to or interest in real estate "shall not prevent effective transfers or encumbrances to a third party for a valuable consideration and without notice, actual or constructive, by party to the suit, despite a subsequent decree for an adverse party, unless there has been filed with the county clerk of each county wherein the real estate or any part thereof is situated, a notice of the pendency of the suit, * * *." The Court further said: "The Act undertakes no change in the doctrine of *lis pendens*

save in favor of transferees and encumbrancers, for a valuable consideration, *and without actual or constructive notice of the pending suit.*" (Italics, the Court's.)

■■ Inasmuch as the statutes make no change in the doctrine of lis pendens as it existed at common law, save to protect purchasers and transferees for a valuable consideration and without actual or constructive notice of the pending suit, all other purchasers or transferees from such a litigant are without the pale of the statute, and they take subject to the suit in the same manner as if no such statutes had ever been passed, and are bound by the judgment the same as the party to the litigation under whom the purchaser asserts his title. If a purchaser pendente lite believes he is entitled to protection under the statute as a good faith purchaser, it is incumbent upon him to establish that fact. In the case of Waitz v. Uvalde Rock Asphalt Company (Tex. Civ. App.), 58 S. W. (2d) 884, the court said:

"Appellant Waitz now asserts that he was an innocent purchaser against the claim of appellant under the foreclosure judgment, and, as an innocent purchaser, had the right to raise the homestead issue in this case, and on that issue was entitled to judgment for the lots in controversy. A complete answer to this contention is to say that he failed to raise in his behalf the issue of innocent purchaser. The failure of appellee to file lis pendens notice or otherwise notify appellant Waitz of the pendency of its foreclosure suit was an immaterial issue, provided he knew that the suit was pending. It was his burden to show affirmatively that he did not know that fact, and also that he paid value for the property."

A number of cases are cited in support of the opinion. See, also, Paddock v. Williamson (Tex. Civ. App., writ refused), 9 S. W. (2d) 452; Morton v. Lowell, 56 Texas 643; Uvalde Co. v. Tribble (Tex. Civ. App.), 292 S. W. 932; Palmer v. First National Bank (Tex. Civ. App., writ refused), 77 S. W. (2d) 902; Huselby v. Allison (Tex. Civ. App., writ dismissed), 25 S. W. (2d) 1108; English v. Plumlee (Tex. Civ. App.), 291 S. W. 922.

■ Plaintiff contends that the burden of proof rested with the defendants in this case because plaintiff was "not required either to allege or prove that he was an innocent purchaser for value without notice as against plaintiffs in error, who assert only an equitable claim against the land, based on a deed of trust * * *" and that "where one seeks to enforce his lien against

a purchaser, who has a legal title, complete and fair upon its face, the burden of proof is upon him to show that such purchaser had notice of his lien. * * *"

In support of his proposition, plaintiff cites the case of McAlpine v. Burnett, 23 Texas 649, 650, and numerous other authorities which in effect follow that case.

The vendor's lien which the court was talking about in the McAlpine case was an equitable or implied lien, such as arises by implication of the law, when the purchase price of land has not been paid and the deed neither so recites nor retains an express lien to secure its payment. Such a lien is a pure equity, being based on no express agreement between the parties. The rule in such a case has no application to a lis pendens purchaser, nor to the holder of the vendor's lien which is expressly retained in the deed of conveyance, nor to a deed of trust lien. Liens of the latter character are not dependent on the law for their creation and recognition, but they exist by written contracts between the parties, and are expressly within the purview of our Registration Statutes. Arts. 6626 and 6627, R. C. S. 1925; Morton v. Lowell, 56 Texas 643; Ackers v. Frazier (Tex. Civ. App., writ refused), 220 S. W. 426; 36 Tex. Jur., pp. 428-9, sec. 25; 43 Tex. Jur., p. 616. In the Morton case the Court said:

"The deed from Gilroy to Payne and Williams was not strictly a superior outstanding title as that phrase is usually understood, but a junior title in them, alleged to be superior for want of notice, actual or constructive, of the prior trust deed under which Lowell claims title. To defeat this trust deed Payne and Williams must not only have been *bona fide* purchasers without notice, but for a valuable consideration paid before such notice; and the burden of proof devolved upon Morton to show these facts."

■ Although the point has not been briefed by either party to this suit, we have given consideration to the question as to whether or not the plaintiff occupied the status of a lis pendens purchaser, inasmuch as he made his purchase approximately two and one-half years after the rendition of the judgment against Mrs. Van Auken. This direct question does not appear to have heretofore been passed upon by this Court. In other jurisdictions it has been held that the lis pendens continues not only until the judgment has been recovered, but in a case where the judgment directs the sale of property, until such sale has been effected. See Corpus Juris, Vol. 38, p. 423, and authori-

ties cited in the notes, and Freeman on Judgments (5th ed.), Vol. 1, pp. 1158-9, sec. 543. To the same effect is the decision in Davis v. Farwell (Tex. Civ. App.), 49 S. W. 656. We think these authorities announce the correct rule, subject however to the exception that the plaintiff in the judgment may lose the benefit of the rule by his inexcusable laches in the enforcement of the judgment.

The phase of the case just noted is not of material importance in the determination of this appeal, because plaintiff's vendor made his purchase from Mrs. Van Auken, the defendant in the judgment, soon after the rendition of the judgment and within the time for perfecting an appeal from that judgment. Randall v. Snyder, 64 Texas 350; Moore v. Moore, 67 Texas 293, 3 S. W. 284; 28 Tex. Jur., p. 340.

■ A subsequent purchaser ordinarily acquires only the rights, interests, or title of his predecessor, and unless he shows himself to be a bona fide purchaser he can take only such rights as his grantor had. Jackson v. Palmer, 52 Texas 427, Alford v. Cole (Tex. Civ. App.), 65 S. W. (2d) 813; 43 Tex. Jur., pp. 313, 314. The plaintiff in this case held immediately under Stuart R. Smith, who was a purchaser from Mrs. Van Auken, the defendant in the judgment, and there was neither pleading nor proof that Stuart R. Smith was a purchaser for value without notice of the pendency of the suit of the Barngrover Trust Estate against Mrs. Van Auken.

The attack made by plaintiff upon the judgment against Mrs. Van Auken, in addition to the allegation that the residence of the defendant was not stated in the original petition, was that such petition failed to state in terms that the deed of trust was given to secure the payment of the notes declared on in that suit. That petition, after having fully stated the cause of action on the notes, alleged "that simultaneous with the making and execution and delivery of said notes; defendant made, executed and delivered to A. J. Hartel, Jr., a deed of trust covering the said defendant's interest in the Clayburn West League, Orange County, Texas, and fully described in said deed of trust, profert of which said notes and said deed of trust will be made on the trial hereof; that same is a valid subsisting lien and entitled to be foreclosed in this suit." The prayer of the petition was that defendant be cited to answer the petition and that plaintiff have judgment against her for his debt and for foreclosure of the mortgage lien, for an order of sale, and that such property be sold in satisfaction of plaintiff's debt.

If plaintiff's action in this case constituted a direct attack upon this judgment, or the grounds now alleged to annul the judgment had been presented on a direct appeal from that judgment, plaintiff's position might be well taken. However, we are not here presented with that question. The authorities cited by plaintiff in his brief are all cases where similar questions as to the sufficiency of a given petition were raised on a direct appeal.

■ Plaintiff's attack on the Van Auken judgment is a collateral one. The rule is well settled in this State that where a proceeding is instituted to vacate and set aside a judgment, the parties to the judgment must be made parties to such proceeding, and unless that is done the attack is necessarily a collateral one. Pure Oil Co. v. Reese, 124 Texas 476, 78 S. W. (2d) 932; Williams v. Nolan, 58 Texas 708; Reed v. Harlan (Tex. Civ. App., writ refused), 103 S. W. (2d) 236; Smith v. Perkins, 81 Texas 152, 16 S. W. 805, 26 Am. St. Rep., 794; York v. Cartwright, 42 Texas 136; Dallas County Bois d'Arc, etc. Dist. v. Gleen, (Com. App.) 288 S. W. 165.

 This case does not fall within that category of cases wherein a judgment may be successfully attacked collaterally because it lacked support in the pleadings. The petition here under attack, while faulty and probably subject to a general demurrer, was consistent with the relief prayed for and with the judgment that was rendered. It was likewise sufficient to challenge the attention of the court and to apprise the court and the defendant of the character of the suit and the relief granted by the court; nor was the petition so faulty but that it could have been amended. The judgment introduced in evidence by the plaintiff expressly recited that the defendant had been duly cited to appear and answer in the case. It was stated by this Court in the case of Pure Oil Co. v. Reese, supra, "It is the settled law of this State that where a judgment is collaterally attacked, plain jurisdiction recitals must be accorded absolute verity." That, notwithstanding, the citation served upon Mrs. Van Auken was sufficient to apprise her of the nature of plaintiff's cause of action, both as to the notes and for the foreclosure of the deed of trust.

In the case of Weems v. Masterson, 80 Texas 45, 55, 15 S. W. 590, Stayton, C. J., speaking for the Court said:

"A proposition that a judgment of a District Court could be attacked in a collateral proceeding because pleadings were defective, if the court had jurisdiction of the subject matter

and the parties, would not be advanced, and it would be readily conceded that however erroneous such judgment might be it would be conclusive on the parties until set aside by some direct proceeding for that purpose; and we are of opinion that this would be true even if the pleadings were so defective as to be bad on general demurrer, or as to present no issue of fact." See, also, Pure Oil Co. v. Reese, supra; Pearson v. Lloyd (Tex. Civ. App.), 214 S. W. 759 (writ refused) ; and Freeman on Judgments (5th ed.), Vol. 1, p. 761 et seq.

The district court should have sustained the defendants' demurrers to plaintiff's petition, and at the close of the testimony judgment should have been rendered in favor of the defendants. But it appearing that the case may not have been fully developed, the judgments of the Court of Civil Appeals and of the district court are both reversed, and the cause remanded to the district court for another trial.

Opinion delivered December 19, 1940.

Rehearing overruled January 22, 1941.