IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00183-CV

 

Sue Walston,

                                                                      Appellant

 v.

 

David L. Lockhart and 

Rebecca G. Lockhart,

                                                                      Appellees

 

 

 



From the 19th District Court

McLennan County, Texas

Trial Court # 2003-365-1

 



MEMORANDUM 
Opinion



 

        Sue
Walston, appearing pro se, filed a
bill of review concerning a 1994 judgment to partition her former home, seeking
the return of her property.  The trial
court dismissed her case with prejudice and enjoined her from filing another
lawsuit regarding the property.  Walston
appeals the judgment.  We affirm.

Procedural
History

          Given
the issues raised on appeal, it is necessary to relate the extensive procedural
history of this case.

          In
1992, Walston and her husband, Larry, filed for a divorce.  In 1994, a final decree of divorce was
entered, and Walston appealed the property division.[1]  While the appeal was pending, Larry filed a separate
suit to partition the homestead.  The
trial court appointed a receiver to sell the homestead pursuant to the divorce
decree.  Subsequently, Walston appealed
the appointment of the receiver; however, Walston did not file a supersedeas
bond.  While her appeal was pending, Walston
filed three motions for leave to file a petition for a writ of mandamus seeking
to halt the partition.  We denied leave
to file each time.

          In
February of 1995, the receiver sold the property to David and Rebecca
Lockhart.  Subsequently, the trial court
discharged the receiver and closed the receivership.  Because the receivership had ended, Walston’s
appeal of the appointed receiver was moot, and we dismissed the appeal for want
of jurisdiction.  Walston v. Walston, No. 10-94-169-CV, No. 10-94-251-CV (Tex. App.—Waco
June 14, 1995, writ denied) (not designated for publication).

          Four
years later, Walston filed suit against the Lockharts and Larry claiming trespass
to try title and seeking the return of her property.  She claimed that the contract for sale between
the receiver and the Lockharts terminated before the sale of the property
because the Lockharts did not obtain financing by the effective date.  Consequently, she argued that the receiver
acted outside the scope of his authority by proceeding with the sale despite
the termination of the contract, and that therefore, the deed was void.  In 2001, the trial court granted the Lockharts’
motion for summary judgment.  Walston
appealed the summary judgment, however we dismissed her appeal finding that
Walston did not have standing to complain about the receiver’s sale in an
independent cause of action.  Walston v. Lockhart, 62 S.W.3d 257 (Tex.
App.—Waco 2001, pet. denied).  Walston’s
petition for review and motion for rehearing were both denied by the Texas
Supreme Court.  Thereafter, Walston filed
a writ of certiorari with the United States Supreme Court on the issue of
whether the Texas system of electing the judiciary violates due process when
the judiciary is supported by campaign contributions from parties who have an
interest in proceedings before the court. 
In 2002, the writ was denied as was Walston’s motion for rehearing.  Walston
v. Lockhart, 537 U.S. 1067, 123 S. Ct. 632, 154 L. Ed. 2d 556
(2002); reh’g denied, 537 U.S. 1179, 123
S. Ct. 1013, 154 L. Ed. 2d 928 (2003).

          In
2003, Walston filed a bill of review against Larry and the Lockharts regarding
the judgment in the original partition suit. 
She again argued that the order of sale was void, and that the Lockharts
committed fraud by a fiduciary because they knowingly aided the receiver in the
fraudulent transfer of the property.  In
their answer, the Lockharts filed a motion to dismiss, motion for sanctions,
and a counterclaim for a permanent injunction preventing Walston from filing
any more lawsuits regarding the Lockharts’ property.  The answer also provided notice of a hearing concerning
these issues.  The hearing was cancelled
after Walston filed a motion to recuse the trial judge.  After the judge recused himself, a second
notice of a hearing was sent.  Walston
then moved to recuse the assigned judge, and the hearing was cancelled.  The recusal motion was referred to the
administrative judge, who denied it.  A
third notice for a hearing was sent.  The
hearing was held, and after finding that Walston’s suit was frivolous, the
trial court dismissed her case with prejudice and issued a permanent injunction
enjoining Walston from filing or causing to be filed on her behalf any further lawsuits
regarding the property.

          On
appeal, Walston argues that (1) the trial court erred in conducting a hearing
on the merits without proper notice; (2) there is no evidence or factually
insufficient evidence that the sale was not rendered as a result of fraud; (3)
the trial court erred in denying her motion for jury trial on issues of fact;
(4) there is no evidence or factually insufficient evidence to support the trial
court’s finding that Walston’s suit is barred by the statute of limitations;
(5) the trial court erred in finding that Walston’s suit is barred by res
judicata; (6) there is no evidence or factually insufficient evidence to
support that trial court’s finding that Walston sought appellate review of the
final order of sale; (7) there is no evidence or factually insufficient
evidence to support the trial court’s finding that Walston’s defenses are
barred as a matter of law; (8) the trial court abused its discretion in
dismissing the case with prejudice; (9) there is no evidence or factually
insufficient evidence to support the trial court’s finding that Walston’s bill
of review is frivolous; (10) there is no evidence or factually insufficient
evidence to support the trial court’s finding that the Lockharts have suffered
and continue to suffer irreparable injury to their real property, and the trial
court abused its discretion in permanently enjoining Walston from filing any
lawsuit regarding the property; and (11) the trial court abused its discretion
by failing to review its former judgment in light of allegations of fraudulent
conduct by its court-appointed receiver. 

The Trial Court did not Abuse its
Discretion

 in Dismissing Walston’s Case with Prejudice

 

          Walston
argues in her eighth issue that the trial court abused its discretion in
dismissing her case with prejudice.  The
trial court dismissed Walston’s case with prejudice as a sanction under section
9.012 of the Civil Practice and Remedies Code and Rule of Civil Procedure 13.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 9.012(e) (Vernon 2002); Tex. R. Civ. P.
13.  Section 9.012(c) requires a
ninety-day interval between the date of determination of a violation and the
imposition of a sanction.  Tex. Civ. Prac. & Rem. Code Ann. §
9.012(c) (Vernon 2002).  Because the
trial court did not wait the required ninety days, Chapter 9 does not support
the trial court’s order.  See id.; Elkins v. Stotts-Brown, 103 S.W.3d 664, 668-69 (Tex. App.—Dallas
2003, no pet.).  Therefore, we will
review the order under Rule 13.  See Tex.
R. Civ. P. 13.

          Imposing
Rule 13 sanctions is within the trial court's sound discretion.  See
Monroe v. Grider, 884 S.W.2d 811, 816
(Tex. App.—Dallas 1994, writ denied).  Accordingly,
we review a court’s order for sanctions under an abuse of discretion standard.  Cire v. Cummings, 134 S.W.3d 835, 838 (Tex. 2004).  “The
test for an abuse of discretion is not whether, in the opinion of the reviewing
court, the facts present an appropriate case for the trial court's action, but ‘whether
the court acted without reference to any guiding rules and principles.’”  Cire,
134 S.W.3d at 838-39 (quoting Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985)).  The trial court's ruling should be reversed
only if it was arbitrary or unreasonable. 
Id.

          Under
Rule 13, a court may impose sanctions if it finds that a party’s pleading is
groundless and brought in bad faith or groundless and brought for the purpose
of harassment.  Tex. R. Civ. P. 13.  The
rule defines "groundless" as having "no basis in law or fact and
not warranted by good faith argument for the extension, modification, or
reversal of existing law."  Tex. R. Civ. P. 13.

          It
appears from the record that the trial court determined that the bill of review
is effectively groundless because the statute of limitations bars Walston’s
claim.  See Tex. Civ. Prac. &
Rem. Code Ann. § 16.004 (Vernon 2002) (four year statute of
limitations).  Walston’s bill of review
was brought eight years after the Lockharts purchased the property.  Previously, Walston argued that the discovery
rule applied to toll the four year statute of limitations because she did not
discover the alleged fraud of the receiver until late 1999, at which time she
attempted to collaterally attack the judgment by filing a trespass to try title
suit against the Lockharts.  Now, eight
years after the conclusion of the suit to partition the homestead, she attempts
to directly attack the original suit, and again claims the discovery rule applies
because she did not discover that the Lockharts participated in fraud by a
fiduciary until 1999.

          Rule
13 generally requires that the trial court hold an evidentiary hearing to make
a determination about the motives and credibility of the person signing the
petition.  Texas-Ohio Gas, Inc. v. Mecom, 28 S.W.3d 129, 139 (Tex. App.—Texarkana 2000, no pet.); New York Underwriters Ins. Co. v. State Farm
Mut. Auto. Ins. Co., 856 S.W.2d 194, 205 (Tex. App.—Dallas 1993, no
writ).  It is clear that the trial court
did not accept Walston’s argument as credible. 
The trial court took judicial notice of the previous cases, including
appellate history.  See Texas-Ohio Gas, Inc., 28 S.W.3d at 139.  Also, having been involved in the previous
trespass to try title suit, the trial court was extremely familiar with the parties
and issues litigated in 1999.  Accordingly,
we cannot find that the trial court abused its discretion in finding Walston’s
bill of review groundless.  See Cire, 134 S.W.3d at 838-39; Spiller v. Spiller, 21 S.W.3d 451, 456 (Tex. App.—San Antonio 2000, no pet.) (a trial
court’s finding that the plaintiff’s fraud claim was frivolous was no abuse of
discretion given the trial court’s experience with the parties and knowledge of
the prior litigation); Beasley v. Peters,
870 S.W.2d 191, 195 (Tex. App.—Amarillo 1994, no writ).

          Likewise,
we cannot say that the trial court abused its discretion in finding that
Walston brought the bill of review for purposes of harassment.  The evidence shows that Walston has taken the
Lockharts to court numerous times over ten years, exhausting all of her
appellate rights, even to the United States Supreme Court.  Her numerous motions to recuse are further
evidence of Walston’s delay tactics.  After
taking judicial notice of the previous cases and appellate history, the trial
court admonished Walston by saying “to continue on with this thing ad
infinitum, I don’t think is healthy for you and certainly not for the people
that are in this case.”  The record does
not indicate that the trial court’s actions were arbitrary or
unreasonable.  See Attorney General of Tex. v. Carwright, 874 S.W.2d 210, 216
(Tex. App.—Houston [14th Dist.] 1994, writ denied).  Therefore, the trial court did not abuse its
discretion in dismissing Walston’s case with prejudice.  See Cire,
134 S.W.3d at 838-39.  Accordingly, we
overrule Walston’s eighth issue.

The Evidence is Legally and
Factually Sufficient to Support

the Trial Court’s Finding of
Irreparable Harm

 

          Walston
argues in her tenth issue that there is no evidence or factually insufficient
evidence supporting the trial court’s finding that the Lockharts have suffered
and continue to suffer irreparable injury to their real property, and that the
trial court abused its discretion in permanently enjoining Walston from filing
any lawsuit regarding the property.

When an appellant
who did not have the burden of proof at trial complains of
legally insufficient evidence, the appellant must show there is no evidence to
support the contested finding.  Beard
v. Beard, 49 S.W.3d 40, 55 (Tex. App.—Waco 2001, pet. denied).  The appellate court must consider only the
evidence and inferences that support the adverse finding and ignore all
evidence and inferences to the contrary. 
Lenz v. Lenz, 79 S.W.3d 10, 19 (Tex. 2002).  A
“no evidence” claim will be sustained if: (a) there is a complete absence of
evidence of a vital fact; (b) the rules of law or evidence prevent the court
from giving weight to the only evidence offered to prove a vital fact, (c) the
evidence offered to prove a vital fact is not more than a scintilla, or (d) the
evidence conclusively establishes the opposite of the vital fact.  Uniroyal Goodrich Tire Co. v. Martinez,
977 S.W.2d 328, 334 (Tex.
1998) (citing Robert W. Calvert, "No Evidence" and
"Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 362‑63
(1960)).  When the evidence “rises to a
level that would enable reasonable and fair-minded people to differ in their
conclusion,” then there is more than a scintilla of evidence.  Beard, 49 S.W.3d at 55 (quoting
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995)).

          A
trial court's findings of fact are
reviewed for factual sufficiency of the evidence under the same legal standards
as those applied to review jury verdicts for factual sufficiency of the
evidence.  Hitzelberger v. Samedan Oil Corp., 948 S.W.2d 497, 503 (Tex.
App.—Waco 1997, pet. denied).  When the
party complaining of factual
insufficiency did not have the burden of proof at trial, we
conduct our review by considering all the evidence in the record both for and
against the finding, and we can find the evidence factually insufficient only
if we conclude that the finding is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. 
Cain v. Bain, 709 S.W.2d 175,
176 (Tex. 1986); Checker
Bag Co. v. Washington, 27 S.W.3d 625, 633 (Tex. App.—Waco 2000, pet.
denied).

          While
there is no direct evidence that the Lockharts had lost a contract to sell the
property, the court took judicial notice of the record containing two lis
pendens placed by Walston against the property. 
A lis pendens is notice to the world of pending litigation that may
affect the real property.  See
Tex. Prop. Code Ann. §§ 12.007, 13.004 (Vernon 2003).  Any party who takes an interest in real
property, when the title to the property is being litigated, and subsequent to
the filing of a lis pendens notice, takes that interest subject to any judgment
rendered in the pending cause.  Abraham Inv. Co. v. Payne Ranch, Inc.,
968 S.W.2d 518, 527-28 (Tex. App.—Amarillo 1998, pet. denied) (citing Hartel v. Dishman, 135 Tex. 600, 145 S.W.2d 865, 868 (1940)).  Therefore, the trial court correctly noted
that a lis pendens legally precludes a purchaser from becoming a bona fide
purchaser, and this fact would hinder any potential purchaser of the Lockharts’
property.  Moreover, in Walston’s
argument to the trial court that the lis pendens is not evidence of irreparable
harm, she stated, “But if there were some way to stop them from selling this
property, I would have found it, and I would have done it.”

          We
find that there is more than a scintilla of evidence to support the trial
court’s finding of irreparable harm.  See Beard,
49 S.W.3d at 55.  Furthermore, we cannot
say that the trial court’s finding is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. 
See Checker Bag Co., 27 S.W.3d
at 633.  Therefore, the evidence is
legally and factually sufficient to support the trial court’s finding that the
Lockharts’ suffered and continue to suffer irreparable harm.




The Trial Court did not Abuse its
Discretion in Issuing

an Anti-Suit Injunction Against
Walston

 

          We
review the issuance of an anti-suit injunction under an abuse of discretion
standard.  Christensen v. Integrity Ins. Co., 719 S.W.2d 161, 163 (Tex. 1986); AVCO
Corp. v. Interstate Southwest, Ltd., 145 S.W.3d 257, 262 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  The circumstances of each situation must be
carefully examined to determine whether the injunction is necessary to prevent
an irreparable miscarriage of justice.  Gannon v. Payne, 706 S.W.2d 304, 307 (Tex. 1986); AVCO
Corp., 145 S.W.3d at 262.

          Anti-suit
injunctions are appropriate in four instances: (1) to address a threat to the
court's jurisdiction; (2) to prevent the evasion of important public policy;
(3) to prevent a multiplicity of suits; or (4) to protect a party from
vexatious or harassing litigation.  Golden Rule Ins. Co. v. Harper, 925
S.W.2d 649, 651 (Tex. 1996) (citing Gannon, 706 S.W.2d at 307); Howell
v. Tex. Workers’ Compensation Commn., 143 S.W.3d 416, 433-34 (Tex.
App.—Austin 2004, no pet.).  However, the
principle of comity requires that courts exercise this equitable power
sparingly, and only in very special circumstances.  Christensen
v. Integrity Ins. Co., 719 S.W.2d 161, 163 (Tex. 1986); London Market
Insurers v. American Home Assur. Co., 95 S.W.3d 702, 706 (Tex. App.—Corpus Christi 2003, no pet.).

          Here
the trial court’s injunction appears to have issued to prevent a multiplicity
of suits and to protect the Lockharts from vexatious or harassing
litigation.  As stated above, the trial
court presided over the earlier case, and therefore was familiar with the
issues raised.  Furthermore, the trial
court took judicial notice of the issues and procedural history of the case,
providing ample evidence for harassing litigation.  Walston’s appeal of the appointment of the
receiver and her collateral attack on the property division through a trespass
to try title suit required the Lockharts to answer and defend all the way to
the steps of the United States Supreme Court. 
Once the Supreme Court denied certiorari, the Lockharts were required to
answer and defend in the current case, eight years after their initial purchase
of the property.  Nguyen v. Intertex, Inc., 93 S.W.3d 288, 299 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (finding anti-suit
injunction warranted given the appellant’s repeated appeals and the appellee’s
requirement to answer and defend each one).

          Also,
the Lockharts’ attempt to commence a hearing on their motions were delayed with
Walston’s motions to recuse.  Delay and
expense of litigation are factors which may be considered in determining
whether an injunction should issue.  In re Est. of Dilasky, 972 S.W.2d 763,
767 (Tex. App.—Corpus Christi 1998, no pet.).

          Given
this evidence, we cannot say that the trial court abused its discretion in
issuing the injunction preventing Walston from filing another lawsuit regarding
the Lockharts’ property.  Chandler v. Chandler, 991 S.W.2d 367,
403 (Tex. App.—El Paso 1999, pet. denied) (finding injunction proper because
husband’s continuous barrage of law suits against his former wife was vexatious
and meant to harass).  Therefore, we
overrule Walston’s tenth issue.




Conclusion

          We
overrule Walston’s eighth and tenth issues. 
Because these issues are dispositive of Walston’s appeal, we need not
decide her other issues.  Accordingly, we
affirm the judgment of the trial court.

 

                                                                   FELIPE
REYNA

                                                                   Justice

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

          (Chief Justice Gray
concurring)

Affirmed

Opinion delivered and filed February
 23, 2005

[CV06]











    [1]       We remanded to the trial court for a just
and right division of community property. 
Walston v. Walston, No.
10-94-169-CV, No. 10-94-251-CV (Tex. App.—Waco 1995, writ denied)(not
designated for publication).  On remand,
the trial court awarded each party an undivided fifty percent interest in the
remainder of the community property. 
Walston again appealed.  Finding
the trial court abused its discretion, we reversed and remanded.  Walston
v. Walston, 971 S.W.2d 687 (Tex. App.—Waco 1998, pet. denied).